The STATE of Ohio, Appellee,

v.

POWELL, Appellant█.

[Cite as *State v. Powell* (1992), 78 Ohio App.3d 784.]

Court of Appeals of Ohio,
Van Wert County.

No. 15–91–14.

Decided June 25, 1992.

Randall M. Dana, Ohio Public Defender, and Kenneth R. Spiert, Assistant Public Defender, for appellant.

Charles Kennedy III, Prosecuting Attorney, and Charles Steele, Assistant Prosecuting Attorney, for appellee.

EVANS, Judge.

This is a delayed appeal pursuant to App.R. 5(A) filed by Carla Powell ("appellant") from a judgment entered in the Court of Common Pleas of Van Wert County imposing sentence on two counts of trafficking in marijuana within one thousand feet of the boundary of a school premises in violation of R.C. 2925.03(A)(1).

On two separate occasions in March of 1991, appellant sold marijuana out of her home to an undercover police officer. This resulted in a criminal complaint being filed against her in the Van Wert Municipal Court. At her initial appearance in the municipal court, appellant executed an affidavit of indigency and was found indigent for the purposes of receiving appointed counsel. This case was subsequently dismissed by the prosecutor because the Grand Jury of Van Wert County issued an indictment against appellant charging her with the same offenses as in the municipal court complaint.[1]

On May 9, 1991, appellant was arraigned in the common pleas court. Appellant was informed of her rights and pled not guilty to the offenses. Although no affidavit of indigency was filed at that time, the trial court inquired about appellant's financial status and found her indigent for the purpose of receiving legal counsel. The journal entry filed by the court after the arraignment states appellant was found "conditionally indigent" and the court "conditionally" assigned counsel to represent her.

---

1. Although appellant, in the appendix to her brief, gratuitously provides copies of the affidavit she filed in the municipal court and that court's finding of indigency for purposes of receiving appointed counsel, we are bound by the rule announced by the Supreme Court of Ohio in Phung v. Waste Management, Inc. (1986), 23 Ohio St.3d 100, 102, 23 OBR 260, 261–262, 491 N.E.2d 1114, 1116, that "[a]n appellate court may not assume as true or even consider facts alleged in a party's brief or attachments thereto." The documents attached to appellant's brief were from a municipal court case dismissed by the prosecution and not the subject of this appeal or properly a part of the record. There is nothing to indicate that these documents ever came to the attention of the common pleas court judge while this case was pending in that court.

On May 24, 1991, appellant changed her plea to guilty. The trial court ordered a pre-sentence investigation and delayed imposition of sentence until June 19, 1991, when the court imposed a definite term of one and one-half years in prison on each count, to be served concurrently. The court also imposed the mandatory fine of $1,000 on each of the two counts. The court then offered to place appellant on probation for three years as alternative sentencing. The court explained to appellant the terms and conditions of her probation, which included payment of her fines and $250 dollars of her appointed counsel's fees. Appellant acknowledged that she understood all the terms of her probation and executed a document stating she would abide by those terms.

The record indicates that the state of Ohio filed a motion on July 11, 1991 to garnish proceeds due appellant from a civil judgment obtained in a lawsuit in which she was the plaintiff. The garnishment documents filed in the criminal case indicate the judgment owed to appellant from her civil suit was in the amount of $2,000.

Thereafter, on September 12, 1991, appellant requested leave to file this delayed appeal from the trial court's judgment imposing sentence. The request for leave to file the appeal was granted and appellant asserted two assignments of error, the first of which states:

"Trial counsel's submission of the affidavit of indigency required by R.C. 2925.03(L) after the sentencing hearing and his failure to object to, appeal, or otherwise challenge the trial court's illegal imposition of fines in violation of R.C. 2925.03(L) deprived Appellant of her right to the effective assistance of counsel guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Section Ten, Article I of the Ohio Constitution."

The assignment notice in the trial record indicates appellant's sentencing was scheduled for 8:45 a.m. on June 19, 1991. The record also contains an affidavit of indigency signed by appellant and file stamped at 10:40 a.m. on the day of sentencing. Appellant claims her trial counsel, Douglas Koch, was ineffective in filing this affidavit after sentencing and that the trial court would not have imposed the mandatory fines had the affidavit been timely filed.

In determining whether appellant had effective assistance of counsel, we must adhere to the test enunciated in *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693, where the Supreme Court stated:

" * * * First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the

Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. * * *''

This two-part test is essentially the same as the one utilized by the Supreme Court of Ohio in *State v. Hester* (1976), 45 Ohio St.2d 71, 79, 74 O.O.2d 156, 160, 341 N.E.2d 304, 309–310, and *State v. Lytle* (1976), 48 Ohio St.2d 391, 395, 2 O.O.3d 495, 497, 358 N.E.2d 623, 626, vacated as to death penalty (1976), 438 U.S. 910, 98 S.Ct. 3135, 57 L.Ed.2d 1154.

■ Appellant bases her assertion of ineffective assistance of counsel entirely on the grounds that trial counsel failed to file her affidavit of indigency before sentencing. We do not find this alleged failure to file to be ineffective assistance of counsel. Presumably, appellant fully advised her counsel about her financial status, including both debts and assets, to assist him in the preparation of the affidavit of indigency that was filed after the court imposed sentence. This document indicated that appellant was working part time, receiving financial assistance from Aid for Families with Dependent Children to support herself and her four children and had few assets. Nor was there an indication in the affidavit of indigency that appellant was in debt. Therefore, it would have been improper and incongruous for trial counsel to have filed the indigency affidavit prior to sentencing in an effort to avoid imposition of fines, knowing appellant was the owner of a fund or claim worth $2,000, without reporting that fact to the court and thus affirming appellant's ability to pay the fine.

Appellant seems to argue that the affidavit of indigency should have been filed in an effort to avoid payment of the mandatory fines without regard to the facts and the actual ability of appellant to pay a fine. This is incorrect.

An affidavit is a written statement made under oath that the facts contained therein are true. If the truth does not establish a basis for relief from payment of fines, counsel ethically could not permit or participate in an attestation of a falsehood in order to avoid imposition of the fines. Thus, the performance of appellant's trial counsel regarding the filing of the affidavit of indigency was not deficient.

In addition, we do not find the actions of appellant's trial counsel to have been prejudicial as defined by the second step of the *Strickland* test. Appellant cannot demonstrate prejudice as a result of the actions of her trial counsel when she voluntarily agreed to pay the fines as a condition of her probation. After imposing the sentence, which included imposition of the mandatory fines, the trial court offered appellant the opportunity to be placed on probation. The trial court explained to appellant with great precision the

terms and conditions of her probation, which included the payment of the fines. Appellant stated she understood the terms and agreed to abide by them. These actions are evidenced in the record in part as follows:

*"THE COURT:* * * * Mrs. Powell, you've heard the conditions on which probation may be granted. Is it still your desire to accept probation under these terms and conditions?

*"MRS. POWELL:* Yes.

*"THE COURT:* The document that Mr. Koch will now bring to you is your written agreement to abide by these conditions. I want you to go over it with him; make sure you understand everything in it and if you do, you may then sign it.

"THEREUPON THE DEFENDANT REVIEWED THE TERMS OF PROBATION WITH HER ATTORNEY AND SIGNED THE DOCUMENT IN OPEN COURT.

*"THE COURT:* Let the record show that the Defendant executed in open court the conditions of probation after an explanation of same and after being given the opportunity to read same and after she indicated that she understood and agreed to all of the terms and conditions therein. * * *"

Considering appellant agreed without objection to pay the fines, she was not prejudiced by the alleged error committed by her trial counsel. Appellant knew her financial situation better than any person in the courtroom and could have voiced her inability to pay the fines when the trial judge asked if she understood the terms of her probation. Instead, appellant agreed to pay the fines and executed a document to that effect. Her failure to voice any objection when given the opportunity by the trial court effectively negated any prejudice that may have resulted from the conduct of her trial counsel.

The requirements set forth by the United States Supreme Court in *Strickland* have not been satisfied. Appellant's trial counsel was not ineffective. Appellant's first assignment of error is overruled.

Appellant's second assignment of error reads:

"The trial court violated R.C. 2925.03(L) in imposing $2,000 in fines against Appellant where the court had determined Appellant was indigent and had made no subsequent finding to the contrary. This error deprived Appellant of her right to due process guaranteed by Section Sixteen, Article I of the Ohio Constitution and the Fourteenth Amendment to the United States Constitution."

R.C. 2925.03(H) requires a trial court to impose mandatory fines in drug trafficking offenses. *State v. Cravens* (1988), 42 Ohio App.3d 69, 536 N.E.2d 686. The court has no discretion to withhold imposition of the mandatory fine, except when the defendant is indigent and the court determines he or she is unable to pay the fine. *Id.*

R.C. 2925.03(L) provides the statutory authority for a sentencing court to decline imposition of the mandatory fine and states:

"No court shall impose a mandatory fine pursuant to division (H) of this section upon an offender who alleges, in an affidavit filed with the court prior to his sentencing, that he is indigent and is unable to pay any mandatory fine imposed pursuant to that division, if the court determines that the offender is an indigent person and is unable to pay the fine."

By its plain terms, this statute cannot be invoked unless two things occur: (1) the defendant must submit, prior to sentencing, an affidavit of indigency for the court to consider, and (2) the court must render a determination that the defendant is in fact indigent and unable to pay the fine. *State v. Slife* (Dec. 5, 1991), Shelby App. No. 17-91-5, unreported, 1991 WL 259552, motion for leave to appeal overruled (1992), 63 Ohio St.3d 1455, 590 N.E.2d 750. See, also, *State v. King* (Apr. 1, 1992), Summit App. No. 15340, unreported, 1992 WL 67586.

■ Appellant asserts the trial court recognized her indigency when it appointed legal counsel to represent her and accepted the affidavit of indigency filed by trial counsel with his request for payment. There is a difference between a finding of indigency for purposes of receiving appointed legal counsel and the finding of indigency to avoid having to pay a mandatory fine.

"Thus, while the court may accept an affidavit of indigency and appoint legal counsel in order to protect a defendant's Sixth Amendment rights, this fact alone does not decisively show that a defendant is unable to pay the mandatory fine. The trial court must make an affirmative determination for the purposes of R.C. 2925.03(H) and (L), on the record, that the offender is indigent and unable to pay the fine." *Slife, supra,* at 4.

The basis for requiring a determination that the defendant is unable to pay a mandatory fine when the trial court previously found the defendant to be indigent for purposes of receiving appointed counsel is simple. Many criminal defendants, even those who have steady income, are not able to raise sufficient funds to pay the retainer fee required by private counsel before counsel will make an initial appearance. This difference is even more evident in cases

where the defendant has to utilize his financial resources to raise sufficient bond money in order to be released from jail. In contrast, the payment of a mandatory fine over a period of time is not equivalent to the immediate need for legal representation at the initiation of criminal proceedings.

Appellant's second assignment of error also seems to assert that the trial court should have affirmatively found her not to be indigent prior to imposing the mandatory fines. There is no authority to support this proposition. No requirement exists mandating that the court find a defendant financially able to pay her fines before the court can impose them. Rather, R.C. 2925.03(L) specifically states the court must make the determination that a defendant is indigent and unable to pay in order for the court to forgo imposition of the fines.

Although the trial court in the present case appointed legal counsel to represent appellant, the record contains no determination by the court that appellant was unable to pay the mandatory fines. On the contrary, the trial court ordered her to pay $250 as partial restitution for her assigned attorney fees in addition to the fines.

Because the trial court did not find appellant to be indigent for the purposes of paying the mandatory fines as required by R.C. 2925.03(L), we find no error in the imposition of the fines. Appellant's second assignment of error is overruled.

Having found no error prejudicial to the appellant herein, in any of the particulars assigned and argued, the judgment of the trial court is affirmed.

*Judgment affirmed.*

HADLEY, P.J., and THOMAS F. BRYANT, J., concur.