The STATE of Ohio, Appellee,

v.

MARTIN, Appellant.

[Cite as *State v. Martin* (1996), 112 Ohio App.3d 225.]

Court of Appeals of Ohio,
Eleventh District, Lake County.

No. 95–L–188.

Decided July 1, 1996.

*Charles E. Coulson,* Lake County Prosecuting Attorney, *Ariana E. Tarighati* and *Taylir K. Linden,* Assistant Prosecuting Attorneys, for appellee.

*R. Paul LaPlante,* Lake County Public Defender, and *Mark Gardner,* Assistant Public Defender, for appellant.

---

JOSEPH E. MAHONEY, Judge.

Defendant-appellant, Ronald T. Martin, appeals a judgment entered by the Lake County Court of Common Pleas which imposed a mandatory fine of $2,500, for aggravated trafficking in drugs in violation of R.C. 2925.03(A), without first conducting an inquiry into appellant's ability to pay such a fine. For the reasons that follow, we reverse the judgment of the trial court and remand this case for a determination of whether appellant is indigent.

The facts leading to this appeal are not in dispute. On June 16, 1995, appellant was indicted on three counts of aggravated trafficking in drugs in violation of R.C. 2925.03(A), felonies of the third degree, and three counts of possession of criminal tools in violation of R.C. 2923.24, felonies of the fourth degree. Following a plea at his arraignment of not guilty, appellant, on October 5, 1995, entered a written plea of guilty to two counts of aggravated trafficking in drugs. The trial court accepted the plea and entered a *nolle prosequi* on the remaining counts.

Appellant was sentenced on November 8, 1995. Just prior to sentencing, and in accordance with statutory provisions, appellant filed an affidavit of indigency in order for the court to consider waiving appellant's mandatory fine. The trial court denied appellant's motion seeking a waiver of the mandatory fine due to indigency. Appellant was sentenced to serve a definite term of incarceration of one year and was ordered to pay a mandatory fine of $2,500.

Appellant filed a timely notice of appeal and, in his sole assignment of error, asserts that the trial court abused its discretion when it imposed a mandatory fine without first conducting a hearing to determine the legitimacy of appellant's claim of indigency.

R.C. 2925.03(H) provides for the imposition of mandatory fines for persons convicted of drug trafficking. A trial court maintains discretion to reduce mandatory fines only in cases where the court determines, pursuant to R.C. 2925.03(L), that the defendant is indigent. *State v. Cravens* (1988), 42 Ohio App.3d 69, 536 N.E.2d 686.

R.C. 2925.03(L) provides as follows:

"No court shall impose a mandatory fine pursuant to division (H) of this section upon an offender who alleges, in an affidavit filed with the court prior to his sentencing, that he is indigent and is unable to pay any mandatory fine imposed pursuant to that division, if the court determines that the offender is an indigent person and is unable to pay the fine."

In other words, a trial court cannot deviate from the mandatory fines proscribed in R.C. 2925.03(H) unless two things occur: first, the defendant must submit, prior to sentencing, an affidavit of indigency for the trial court to consider and, second, the court must make a determination that the defendant is, in fact, indigent and unable to pay the mandatory fine. *State v. Powell* (1992), 78 Ohio App.3d 784, 789, 605 N.E.2d 1337, 1340–1341.

In the case *sub judice*, appellant filed an affidavit of indigency prior to sentencing. However, the mere fact that an offender has filed an affidavit of indigency with the trial court does not automatically lead to the conclusion that he is indigent for purposes of 2925.03(L). *State v. Pendleton* (1995), 104 Ohio App.3d 785, 788, 663 N.E.2d 395, 396–397. Furthermore, as appellee correctly contends, the finding that an accused is indigent for purposes of the appointment of counsel, as was found in this case, does not obviate the need to make a separate finding with respect to the payment of mandatory fines. *State v. Powell, supra*, at 790, 605 N.E.2d at 1341 (noting that an accused's immediate need for legal representation at the initiation of a criminal proceeding is not the same as requiring an offender to pay a mandatory fine over a number of years).

Our review of the transcript of the sentencing hearing reveals that the trial court summarily overruled appellant's motion and claim of indigency without any inquiry as to appellant's ability to pay the fine imposed under R.C. 2925.03(L). No evidence with regard to appellant's financial status was adduced at the hearing, and the record is devoid of any information with regard to appellant's financial status. Furthermore, the trial court did not state the basis for its ruling in its judgment entry, nor did it state the basis for its ruling at the sentencing hearing. The Attorney General has stated:

"1. For purposes of R.C. 2925.03(L), the term 'indigent' encompasses individuals who are poor, needy, destitute, or in poverty.

"2. The criteria for determining, under R.C. 2925.03(L), whether an individual is indigent, include the ready availability of real or personal property owned; employment benefits; pensions; annuities; social security; unemployment compensation; inheritances; number and age of dependents; outstanding debts, obligations and liabilities; and any other relevant considerations concerning the financial condition of an individual." 1990 Ohio Atty.Gen.Ops. No. 90–088, at 2–375, syllabus.

Thus, we hold that the trial court erred in failing to determine, in some manner reflected by the record, whether appellant was indigent when he properly filed an affidavit of indigency pursuant to R.C. 2925.03(L). Cf. *State v. Nazario* (June 14, 1996), Lake App. No. 95–L–174, unreported, 1996 WL 648840. Appellant's assignment of error is well taken.

Based on the foregoing, the judgment of the trial court is hereby reversed as to the imposition of the $2,500 mandatory fine and remanded for a determination of appellant's indigency status.

*Judgment accordingly.*

FORD, P.J., and NADER, J., concur.