OPINION
Appellant Dawn Johnson appeals the sentence imposed by the Ashland County Court of Common Pleas on the basis that it was excessive. The following facts give rise to this appeal. On February 2, 1999, the Ashland County Grand Jury indicted Shawn Plummer, appellant's boyfriend, for two counts of trafficking in LSD and one count of theft. Plummer absconded, prior to a scheduled hearing, and the trial court issued a bench warrant for his arrest on April 5, 1999. On this same date, Ashland Police Officers contacted appellant, at her residence, and asked her about Plummer's whereabouts. Appellant denied any knowledge. On April 24, 1999, after Plummer allegedly threatened a police informant, officers returned to appellant's residence. Appellant again claimed Plummer was not at the residence. The officers asked permission to search her residence. Appellant did not own the property, however, the owner was contacted and gave consent for the search. During the search, officers found Plummer hiding under a stack of stuffed animals inside the residence. The officers subsequently learned that Plummer was also present, at the residence, when they visited on April 5, 1999. Appellant admitted that she knew Plummer was a fugitive. On April 30, 1999, the Ashland County Grand Jury indicted appellant for obstruction of justice. While free on bond, appellant stole $1,200 from her employer and fled to the State of Texas. Following this incident, the Ashland County Grand Jury indicted appellant for one count of theft. On August 24, 1999, appellant entered guilty pleas to the charges contained in both indictments. The trial court sentenced appellant on October 4, 1999, for four years on the count of obstructing justice and nine months on the count of theft. The trial court also imposed fines totaling $3,500. Appellant timely filed a notice of appeal and sets forth the following assignment of error for our consideration:
 I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY SENTENCING THE DEFENDANT-APPELLANT TO SERVE FOUR YEARS AND NINE MONTHS IN PRISON AND PAY FINES OF $3,500.
Standard of Review
We no longer review sentencing under an abuse of discretion standard. Under Senate Bill 2, enacted in 1995, an appellate court's review of an appeal from a sentence was modified. R.C.2953.08 provides, in pertinent part: (G)(1) The court hearing an appeal of a sentence * * * may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the trial court for re-sentencing if the court clearly and convincingly finds any of the following:
 (a) That the record does not support the sentence; * * * (c) That the sentence included a prison term, that the offense for which it was imposed is a felony of the fourth or fifth degree * * *, that the court did not specify in the finding it makes at sentencing that if found one or more of the factors specified in divisions (B)(1)(a) to (h) of section 2929.13 of the Revised Code for determining whether to impose a prison term for such an offense were not followed or that those procedures were followed but there is an insufficient basis for imposing a prison term for the offense;
 (d) That the sentence is otherwise contrary to law. It is these guidelines under which we review appellant's sole assignment of error.
 I
Appellant contends the trial court committed prejudicial error when it sentenced her and imposed fines totaling $3,500. We disagree. In support of her assignment of error, appellant claims that under R.C. 2929.14(B), the trial court must impose the shortest prison term if the offender has not previously served a prison term, unless the trial court finds, on the record, that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future harm by the offender or others. Appellant essentially argues the sentence is contrary to law which gives her a right to appeal under R.C. 2953.08(A)(4). We have reviewed the transcript of the sentencing hearing and agree with appellant's contention that the trial court did not make a specific finding, at the sentencing hearing, that the shortest prison term would demean the seriousness of appellant's conduct or would not adequately protect the public from future harm by appellant. However, the judgment entry of sentencing filed October 8, 1999, specifically states: Pursuant to Section 2929.14(B) of the Ohio Revised Code, the Court further finds that imposition of the shortest prison term will demean the seriousness of the Defendant's conduct and will not adequately protect the public from future crime by the Defendant or others.
We find the above language, contained in the sentencing judgment entry of the trial court, complies with the statutory requirement that the trial court make this finding "on the record." Appellant also argues the fines imposed by the trial court are contrary to law because she is indigent and the trial court should have determined her ability to pay the fines. Under R.C. 2929.18(E), a trial court may conduct a hearing to determine whether an offender is able to pay the sanction or is likely, in the future, to be able to pay it. The language contained in the statute, as it relates to a hearing, makes the holding of such a hearing discretionary with the trial court. Further, Ohio courts distinguish between the initial imposition of a fine and any subsequent incarceration for the non-payment of a fine. Although R.C. 2929.18(E) makes a hearing discretionary when initially imposing a fine, R.C. 2947.14 mandates that a hearing be held to determine the ability to pay in the event an offender is facing incarceration due to non-payment. State v. Meyer (1997),124 Ohio App.3d 373, 377; State v. Johnson (1995), 107 Ohio App.3d 723,728-729. Ohio Courts have also recognized a distinction between an offender's ability to pay a fine and the offender's need for appointed counsel due to indigence. State v. Powell (1992),78 Ohio App.3d 784, 789. The difference exists in the offender's ability to raise the initial retainer needed to obtain counsel as opposed to the period of time given to gradually pay the imposed fine. Id. In the case sub judice, since the trial court only imposed the fine and did not sentence appellant for non-payment, it was within the trial court's discretion whether to conduct a hearing to determine appellant's ability to pay. However, in the event appellant is later brought before the trial court for failure to pay the fine, appellant would be entitled to a hearing as to her ability to pay. Further, under R.C. 2929.18(G), appellant may request the trial court to suspend the fine in the event she fully completes all other sanctions to the trial court's satisfaction. Accordingly, the trial court's imposition of fines totaling $3,500 was not contrary to law. Appellant's sole assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Ashland County, Ohio, is hereby affirmed.
 ___________________ Wise, J.
By: Farmer, P.J., and Edwards, J., concur.