DECISION AND JUDGMENT ENTRY
This matter is before the court on accelerated appeal from a judgment issued by the Ottawa County Court of Common Pleas. Appellant, Lawrence C. Gilmer, Jr., was originally indicted on one count of engaging in a pattern of corrupt activity, in violation of R.C. 2923.32(A)(1), a second degree felony, and three counts of selling or offering a controlled substance in violation of R.C. 2925.03(A), two first degree felonies and a fourth degree felony, with criminal forfeiture specifications pursuant to R.C. 2925.42.
The court accepted a plea agreement whereby appellant entered a plea of guilty to two counts of trafficking in crack cocaine, one of which was a first degree felony, for which he was sentenced to one nine-year term and one eleven-month term of incarceration to be served concurrently. The judge also imposed a mandatory fine of $10,000 and revoked appellant's driver's license for life.
Appellant filed his notice of appeal with this court on April 9, 2001. Appellant's appointed counsel submitted a motion to withdraw as counsel on appeal on May 24, 2001, pursuant to Anders v. California (1967),386 U.S. 738. We granted that motion, but found that there existed an arguable issue for the purpose of appeal, namely, whether or not appellant had effective assistance of counsel with regards to the mandatory fine imposed. This court appointed attorney Richard Heyman to prepare an appellate brief for appellant discussing the arguable issue, as well as any further arguable issues which could be found in the record.
Attorney Heyman has submitted a timely brief on behalf of appellant which asserts the following assignment of error:
 "IT IS A DENIAL OF EFFECTIVE ASSISTANCE OF COUNSEL FOR COUNSEL TO FAIL TO FILE AN INDIGENCY AFFIDAVIT PURSUANT TO R.C. 2925.03(L) WHERE A MANDATORY FINE COULD BE IMPOSED AND THE DEFENDANT IS INDIGENT."
In order to demonstrate a claim of ineffective assistance of counsel, appellant must show that his counsel was deficient and that counsel's deficient performance prejudiced the defense. Strickland v. Washington
(1984), 466 U.S. 668, 687. The Ohio Supreme Court explained how to apply the two-prong Stickland standard in State v. Bradley (1989),42 Ohio St.3d 136, 142, 143. To prevail on a claim of ineffective assistance of counsel, appellant must demonstrate that counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that but for counsel's errors, the result of the trial would have been different. Id.
The proper inquiry is whether counsel's assistance was reasonable considering all of the circumstances. Strickland, supra. Judicial scrutiny of counsel's performance must be highly deferential, indulging a strong presumption that counsel's conduct "falls within the wide range of reasonable professional assistance." Id. at 694. Thus, "the defendant must overcome the presumption that, under the circumstances, the challenged action `might be considered sound trial strategy'." Id. at694, 695.
R.C. 2925.11(A) sets out that "No person shall knowingly obtain, possess, or use a controlled substance." R.C. 2925.11 goes on to state in pertinent part:
 "(E) In addition to any prison term * * * and in addition to any other sanction * * *, the court that sentences an offender who is convicted of or pleads guilty to a violation of division (A) of this section shall do * * * the following * * *:
 "(1)(a) If the violation is a felony of the first * * * degree, the court shall impose upon the offender the mandatory fine specified for the offense under division (B)(1) of section 2929.18 of the Revised Code unless, as specified in that division, the court determines that the offender is indigent." (Emphasis added.)
R.C. 2929.18(B)(1) states in part:
 "* * * If an offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine and if the court determines the offender is an indigent person and is unable to pay the mandatory fine described in this division, the court shall not impose the mandatory fine upon the offender."
Thus, to avoid imposition of a fine at the time of sentencing, two things must occur: the defendant must submit to the court an affidavit of indigency prior to sentencing, and the court must render a determination that the defendant is in fact indigent.
Courts in Ohio have held that the failure to file an affidavit alleging a defendant's indigency and inability to pay a mandatory fine only constitutes ineffective assistance of counsel when the record shows a reasonable probability that the trial court would have found the defendant indigent and unable to pay the fine had the affidavit been filed. State v. Huffman (Jan. 26, 1995), Cuyahoga App. No. 63938, unreported; State v. Avant (Nov. 23, 1993), Marion App. No. 9-93-12, unreported; see, also, State v. Powell (1992), 78 Ohio App.3d 784.
Appellee relies upon State v. Gipson in support of its argument that appellant's attorney's failure to file an affidavit did not constitute ineffective assistance of counsel. In Gipson, the defendant, who was fined for cocaine possession, was sentenced to probation rather than incarceration so that he could get his life together and thus pay his fine. State v. Gipson (1998), 80 Ohio St.3d 626, 628. The Ohio Supreme Court explained in Gipson that "an offender who files an affidavit alleging that he or she is indigent and is unable to pay a mandatory fine is not automatically entitled to a waiver of that fine." Id at 634. However, the court itself distinguished Gipson from cases in which a defendant is sentenced to incarceration of five years or more, like appellant's case. Id at 635.
In Gipson, the court also explained that "the burden is upon the offender to affirmatively demonstrate that he or she is indigent and is unable to pay the mandatory fine." Id.
In this case, appellant was not given the opportunity to demonstrate his indigency for the purpose of avoiding the $10,000 fine. Ordinarily the proper way to demonstrate an appellant's finances would be through postconviction relief, since that information would most often lie outside the record. However, there is enough information within the record of this case, including appellant's age and spotty work history, the financial information contained within the presentence report, and the fact that appellant was represented by appointed counsel at the trial level, to warrant a remand. Indeed, we believe that it is reasonable to conclude that appellant, age forty-eight and cocaine dependent at the time of sentencing, facing nine years of incarceration and a $10,000 fine, could have proven himself indigent had he submitted a proper affidavit of indigency.
Therefore, to the extent that appellant's trial counsel failed to file an affidavit of indigency when appellant faced imposition of his sentence, we find that appellant was denied effective assistance of counsel. On consideration whereof, this court finds that substantial justice has not been done the party complaining, and this case is hereby reversed as to the sentence and imposition of the mandatory fine and remanded to the trial court to resentence appellant and give him an opportunity to file an affidavit of indigency prior to sentencing. Costs of this proceeding are assessed to appellee, the state of Ohio.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J., Mark L. Pietrykowski, P.J., George M. Glasser,J., JUDGES CONCUR.
George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.