JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Irina Akatova, appeals her conviction in the Cuyahoga County Court of Common Pleas. For the following reasons, we affirm the decision of the trial court.
 {¶ 2} Akatova was indicted on July 16, 2001 in Case No. CR-410451 on two counts of assault with peace officer specifications on both counts, in violation of R.C. 2903.13(C)(3). She was subsequently indicted on August 23, 2001 in Case No. CR-413108 on one count of illegal conveyance of a dangerous ordnance in a courthouse, in violation of R.C.2923.123. Akatova had separate counsel on each case.
 {¶ 3} In Case No. CR-413108, prior to the plea being entered, defense counsel made an oral request to the trial court concerning whether Akatova should receive a psychological evaluation concerning her "attitude." Defense counsel did not contend that his client did not understand the nature of the proceedings, but rather "whether or not there is something that might be gauged by a psychological evaluation." (TR. 25.) The trial court denied the oral request stating that "some solid evidence of incompetence" was necessary, and the court "would certainly consider it in mitigation in sentencing." (TR. 27.) Defense counsel did not object. A written motion for a psychological evaluation was never filed.
 {¶ 4} On September 13, 2001, prior to the plea, the trial court informed Akatova that she may be deported as a result of her pleading guilty. Akatova, a citizen of Russia, then pleaded guilty in Case No. CR-410451 to two counts of assault, with the peace officer specification deleted, in violation of R.C. 2903.13, misdemeanors of the first degree, and in Case No. CR-413108, to one count of illegally conveying a weapon into a courthouse, in violation of R.C. 2923.123, a felony of the fifth degree.
 {¶ 5} After she pleaded guilty to the offenses, Akatova was subsequently referred for a psychological evaluation in relation to the presentence investigation performed by the Cuyahoga County Probation department. The court offered to allow a psychologist of Akatova's choosing to perform an evaluation as well.
 {¶ 6} At the sentencing phase, the results of the psychological evaluation reported no finding of mental illness or defect. In Case No. CR-413108, the trial court imposed a three-year community control sanction, which required Akatova to undergo psychological counseling on a monthly basis and participate in a drug assessment and treatment program. In addition, the trial court ordered Akatova to pay a $1,000 fine as a part of her sentence. Defense counsel related to the court that Akatova was employed as a security guard for "several years" and would continue to work after sentencing.
 {¶ 7} In Case No. CR-410451, the trial court sentenced Akatova to a term of six months on counts one and two, with each count to run concurrently, and to pay court costs. The execution of sentence was suspended, and Akatova was placed on probation for two years subject to the following condition: "defendant to serve ninety days county jail with credit for time served. All terms and conditions of probation to apply in CR-410451 as in CR-413108 except for the $1,000 fine imposed."
 {¶ 8} Akatova now appeals her sentence and raises three assignments of error for review:
 {¶ 9} "I. The trial court erred in failing to have a competency evaluation and hearing before trial pursuant to R.C. 2945.37 andState v. Were (2002), 94 Ohio St.3d 173."
 {¶ 10} The appellant argues that the trial court committed an abuse of discretion by failing to order a psychiatric evaluation prior to trial and failing to hold a hearing pursuant to R.C. 2945.37(A). Appellee argues R.C. 2945.37(C) requires a written motion requesting a hearing, not merely a suggestion that a psychological evaluation might be warranted in light of appellant's "attitude."
 {¶ 11} The standard for review is an abuse of discretion by the trial court. An abuse of discretion is more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. State v. Clark, 71 Ohio St.3d 466, 470, 1994-Ohio-43;State v. Moreland (1990), 50 Ohio St.3d 58, 61; State v. Adams (1980),62 Ohio St.2d 151, 157. In order to have an abuse of discretion, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias. Nakoff v. Fairview Gen. Hosp.,75 Ohio St.3d 254, 256, 1996-Ohio-159. Moreover, when applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court. In re Jane Doe I
(1991), 57 Ohio St.3d 135, 138; Berk v. Matthews (1990), 53 Ohio St.3d 161,169.
 {¶ 12} R.C. 2945.37 reads, in pertinent part:
 {¶ 13} "(A) In a criminal action in the court of common pleas or municipal court, the court, prosecutor, or defense may raise the issue of the defendant's competence to stand trial. If the issue is raised before trial, the court shall hold a hearing on the issue as provided in this section. If the issue is raised after trial has begun, the court shall hold a hearing on the issue only for good cause shown."
 {¶ 14} R.C. 2945.37 sets forth alternate tests for a hearing regarding competency to stand trial depending upon whether the suggestion for incompetency is raised before or after the commencement of trial. The United States Supreme Court in Dusky v. United States (1960), 362 U.S. 402, set forth the test to resolve whether a defendant is competent to stand trial. The court stated: the "test must be whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding — and whether he has a rational as well as factual understanding of the proceedings against him." Id. at 402.
 {¶ 15} The United States Supreme Court has decided that the inquiry of whether the disallowance of a competency hearing is reversible error shall be approached on a case-by-case basis. Patek v. Robinson
(1966), 383 U.S. 375. In State v. Bock (1986), 28 Ohio St.3d 108, the Ohio Supreme Court further examined Robinson and held the crux ofRobinson does give the defendant an automatic right to a hearing on the competency issue after it is raised. The Bock court stated, "* * *Robinson stands for the proposition that the right to a hearing on the issue of incompetency rises to constitutional proportions only when the record contains sufficient indicia of incompetency, see Drope v.Missouri (1975), 420 U.S. 162, 180, such that a formal inquiry into defendant's competency is necessary to protect his right to a fair trial." 28 Ohio St. at 110. The court went on to state, "* * * It is clear that the failure to hold a mandatory hearing is harmless error where the record fails to reveal sufficient indicia of incompetency." Id. at 110.
 {¶ 16} Based upon the following colloquy prior to trial and at sentencing, the record in this case reflects that the lower court did not abuse its discretion by denying the request for a psychological evaluation. Counsel for the appellant posed a verbal question to the judge inquiring about a psychological assessment: "Your honor, do you think it would be beneficial for her to get a psych evaluation on the sixth floor?" (Tr. 24.) He further stated, "I haven't had a lot of contact with her. George had more. My impression is it would be beneficial to have a psychological evaluation." (Tr. 24.) The lower court judge inquired why the evaluation was needed. Appellant's counsel replied, "Just something about her attitude with regard to understanding the proceedings." Both of appellant's attorneys then made an oral motion for a psychological evaluation. Appellant's attorney on Case No. CR-410451 specifically stated, "I'm wondering whether or not there is something that might be gauged by psychological evaluation."
 {¶ 17} The court replied that it was necessary for the appellant's counsel to provide specific aberrant behavior or indications that their client would not follow their sound advice. The lower court further stated, "I like to be cautious. I can't be that cautious. I can't send everybody to the psychiatric clinic. It's a very expensive process, time-consuming process, and I would certainly further address this in your written motion, and look at it in detail and read it very closely." (Tr. 29-30.)
 {¶ 18} At the sentencing, the lower court found the appellant to be a violent individual who at minimum is an alcohol or drug user. The lower court reported the psychiatric testing revealed a lack of indicia for mental illness in the report and no diagnosis of any mental illness or defect. Thus, even though the court failed to grant the oral request for a psychological evaluation pursuant to R.C. 2945.37, a psychological evaluation was performed prior to sentencing, which displayed a lack of mental illness or defect. Counsel for the appellant conceded that the appellant, although a citizen of Russia, understood the nature of the proceedings and was fluent in English. This assignment of error is without merit.
 {¶ 19} Appellant's second assignment of error states:
 {¶ 20} "II. The trial court failed to comply with R.C. 2943.031
and the due process clause of the Fourteenth Amendment of the U.S. Constitution even though the defense requested compliance with R.C.2943.031 and the guilty pleas must be vacated."
 {¶ 21} We begin by noting that R.C. 2943.031 provides in pertinent part:
 {¶ 22} "(A) Except as provided in division (B) of this section, prior to accepting a plea of guilty or a plea of no contest to an indictment, information, or complaint charging a felony or a misdemeanor other than a minor misdemeanor, if the defendant previously has not been convicted of or pleaded guilty to a minor misdemeanor, the court shall address the defendant personally, provide the following advisement to the defendant that shall be entered in the record of the court, and determine that the defendant understands the advisement:
 {¶ 23} "`If you are not a citizen of the United States, you are hereby advised that conviction of the offense to which you are pleading guilty (or no contest, when applicable) may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.'
 {¶ 24} "Upon request of the defendant, the court shall allow him additional time to consider the appropriateness of the plea in light of the advisement described in this division.
 {¶ 25} "* * *
 {¶ 26} "(D) Upon motion of the defendant, the court shall set aside the judgment and permit the defendant to withdraw a plea of guilty or no contest and enter a plea of not guilty or not guilty by reason of insanity, if, after the effective date of this section, the court fails to provide the defendant the advisement described in division (A) of this section, the advisement is required by that division, and the defendant shows that he is not a citizen of the United States and that the conviction of the offense to which he pleaded guilty or no contest may result in his being subject to deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."
 {¶ 27} The record demonstrates that the appellant failed to file a motion to vacate the plea at the trial court level, as required by R.C.2943.031(D). Therefore, she waived the claim on appeal. See State v.Reeder (Apr. 14, 1994), Cuyahoga App. No. 65782; Abuhilwa (Mar. 29, 1995), Summit App. No. 16787; Dixon (Dec. 28, 2001), Clark App. No. 01CA17; Rodriguez (Sept. 11, 2002), Clark App. No. 01CA0062; Scanlon (May 13, 1999), Licking App. No. 88-1471; Rodriguez (Aug. 5, 2002), Butler App. No. CA2001-04-077.
 {¶ 28} Appellant's third assignment of error states:
 {¶ 29} "III. The trial court improperly fined appellant $1000 in violation of R.C. 2929.18 and R.C. 2929.19 and the due process clause of the Fourteenth Amendment."
 {¶ 30} R.C. 2929.14 states in pertinent part:
 {¶ 31} "(A) In determining whether to impose a fine for a felony and the amount and method of payment of a fine, the court shall consider * * * the ability and the resources of the offender and the nature of the burden that payment of a fine will impose on him."
 {¶ 32} In State v. Burkitt (1993), 89 Ohio App.3d 214, this court held the court should consider the effect of a fine in addition to incarceration upon the offender, but the court is required to consider the effect only if evidence is offered at the hearing. In State v.Frazier (Oct. 9, 1997), Cuyahoga App. Nos. 71675, 71676, 71677, 71678, this court held the fact that the defendant is indigent and may receive appointed counsel does not necessarily determine indigency for the purposes of the ability to pay a fine, citing State v. Powell (1992),78 Ohio App.3d 784, which stated, "the defendant's ability or inability to pay a retainer fee is not equivalent to the ability to pay a fine over a period of time. Furthermore, a hearing does not have to be conducted before imposing a fine."
 {¶ 33} Here, during the plea agreement, the prosecutor stated on the record the possible fines associated with both cases in addition to the possible terms of incarceration. Furthermore, the court inquired into the appellant's job status at length. Appellant's counsel informed the court that she had been a security guard for several years (Tr. 59.) Counsel also stated, "she will be working when she gets out of here." (Tr. 70.)
 {¶ 34} The court referred the appellant for a presentence investigation and subsequently sentenced her. At no time on either of those two occasions did either of her counsel state she was unable to pay a fine imposed by the court. Neither counsel filed a motion to determine her indigency in relation to her ability to pay a fine. One of her attorneys did inform the court at sentencing that he was initially retained, but appellant was unable to pay for his services; however, he did not file a motion to withdraw. He claimed the appellant did not have the resources to pay. The court responded to this statement by reminding counsel that the appellant would be working after she finishes her sentence. (Tr. 70.) Therefore, we overrule appellant's third assignment of error.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, P.J., AND TERRENCE O'DONNELL, J., CONCUR.