OPINION JUDGMENT ENTRY
{¶ 1} Defendant appellant Roy Young appeals from the sentence imposed in the Delaware Court of Common Pleas. The appellee is the State of Ohio.
 {¶ 2} On May 6, 2003, appellant was indicted for one count of sexual battery, a violation of R.C. 2907.03 (A)(3), and one count of unlawful sexual conduct with a minor, a violation of R.C.2907.04 (A).
 {¶ 3} Appellant pled guilty on July 14, 2003 to one count of unlawful sexual conduct with a minor. The charge of sexual battery was consequently dismissed. The case was referred for a pre-sentence investigation.
 {¶ 4} Appellant appeared before the trial court for sentencing on September 26, 2003. Prior to sentencing, appellant had served a total of 99 days in custody. Pursuant to a plea agreement, trial court sentenced appellant to four years imprisonment and imposed a $10,000 sanction pursuant to R.C.2929.18. No mention of credit for time already served was made.
 {¶ 5} Appellant was admitted into the custody of the Ohio Department of Rehabilitation and Correction on October 3, 2003. Subsequently, appellant filed a pro se motion for jail time credit which was denied by the trial court. He then filed a second motion for jail time credit after retaining counsel. On December 11, 2003, appellee filed a response stating it did not object to the trial court granting appellant 99 days of jail time credit. No amended judgment entry was ever filed by the trial court with regard to jail time credit.
 {¶ 6} Appellant timely filed a notice of appeal and set forth the following two assignments of error:
 {¶ 7} "I. The trial court erred to the prejudice of appellant in failing to award ninety-nine days of jail time to be accredited against the stated prison term imposed.
 {¶ 8} "II. The trial court's imposition of a $10,000 fine as a financial sanction was entered contrary to law."
 I. {¶ 9} In his first assignment of error appellant maintains that he is entitled to ninety-nine days of jail time credit. We agree.
 {¶ 10} R.C. 2967.191 requires that an offender's prison term be reduced "by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced [.]" Consequently, appellant's incarceration in the jail prior to entering his plea is confinement "arising out of the offense for which [he] was convicted and sentenced" within the express parameters of R.C.2967.191, mandating credit for the confinement.
 {¶ 11} R.C. 2949.12, which addresses the calculation of time, conveyance, and incarceration assignments of convicted felons exclusively, is also applicable here. This section states that the prisoner's sentencing order should also reflect, "* * * pursuant to section 2967.191 of the Revised Code * * * the total number of days, if any, that the felon was confined for any reason prior to conviction and sentence." R.C. 2949.12.
 {¶ 12} Although it is the adult parole authority's duty to reduce the term of incarceration by the number of days served prior to sentencing, it is the responsibility of the sentencing court to properly calculate the amount of days for which such credit may be extended. State ex rel. Corder v. Wilson (1991),68 Ohio App.3d 567, 589 N.E.2d 113; State v. Barkus, 5th
Dist. No. 2002 CA 0052, 2003-Ohio-1757 at ¶ 12.
 {¶ 13} Alleged errors regarding jail-time credit are not cognizable in mandamus but may be raised by way of the defendant's direct appeal of his criminal case. State ex rel.Jones v. O'Connor (1999), 84 Ohio St.3d 426, 704 N.E.2d 1223. Accordingly, the State's assertion that the proper remedy is by way of a declaratory judgment against the Adult Parole Authority is misplaced.
 {¶ 14} Accordingly, appellant's first assignment of error is sustained. Appellant's prison sentence must be reduced by the time that he actually served in the Delaware County Jail. This matter is remanded to the trial court to properly calculate the number of days to be credited.
 II {¶ 15} In his second assignment of error appellant maintains that the imposition of a $10,000.00 fine in his case was contrary to law. Appellant argues that the trial court failed to consider the present or future ability of the appellant to pay this fine. We disagree.
 {¶ 16} In State v. Johnson (July 26, 2000), 5th Dist. No. 99COA01333, this court observed: "[a]ppellant also argues the fines imposed by the trial court are contrary to law because she is indigent and the trial court should have determined her ability to pay the fines. Under R.C. 2929.18(E), a trial court may conduct a hearing to determine whether an offender is able to pay the sanction or is likely, in the future, to be able to pay it. The language contained in the statute, as it relates to a hearing, makes the holding of such a hearing discretionary with the trial court. Further, Ohio courts distinguish between the initial imposition of a fine and any subsequent incarceration for the non-payment of a fine. Although R.C. 2929.18(E) makes a hearing discretionary when initially imposing a fine, R.C.2947.14 mandates that a hearing be held to determine the ability to pay in the event an offender is facing incarceration due to non-payment. State v. Meyer (1997), 124 Ohio App.3d 373, 377,706 N.E.2d 378; State v. Johnson (1995), 107 Ohio App.3d 723,728-729, 669 N.E.2d 483. Ohio Courts have also recognized a distinction between an offender's ability to pay a fine and the offender's need for appointed counsel due to indigence. State v.Powell (1992), 78 Ohio App.3d 784, 789, 605 N.E.2d 1337. The difference exists in the offender's ability to raise the initial retainer needed to obtain counsel as opposed to the period of time given to gradually pay the imposed fine. Id. In the case sub judice, since the trial court only imposed the fine and did not sentence appellant for non-payment, it was within the trial court's discretion whether to conduct a hearing to determine appellant's ability to pay. However, in the event appellant is later brought before the trial court for failure to pay the fine, appellant would be entitled to a hearing as to her ability to pay. Further, under R.C. 2929.18(G), appellant may request the trial court to suspend the fine in the event she fully completes all other sanctions to the trial court's satisfaction. Accordingly, the trial court's imposition of fines totaling $3,500 was not contrary to law."
 {¶ 17} Appellant was informed at his plea hearing that the trial court could impose "a possible fine of up to $10,000," but failed thereafter to request a hearing on his ability to pay a fine. R.C. 2929.18(E). Moreover, appellant did not object to the fine at the sentencing hearing when the trial court could have considered the issue.
 {¶ 18} Further, the Appellant informed the trial court at the sentencing hearing "[u]p until the time he was arrested on this offense he had substantial regular employment, full-time employment." (Sent. T., Sept. 26, 2003 at 9). The trial court also considered the pre-sentence investigation report which included a description of assets owned by appellant that could be used to satisfy his financial sanction. (Id. at 3; 20; 23).
 {¶ 19} As the Ohio Supreme Court has stated, with respect to the imposition of mandatory fines: "[h]owever, we do not believe that former R.C. 2925.11(E)(5) was intended to preclude a trial court from imposing fines on able-bodied defendants who are fully capable of work but who happen to be indigent and unemployed at the moment of sentencing. Obviously, for purposes of former R.C.2925.11(E)(5) and the current analogous provisions of R.C.2925.11(E)(1)(a) and 2929.18(B)(1), a trial court's determination whether an offender is indigent and is unable to pay a mandatory fine can (and should) encompass future ability to pay. If the General Assembly had intended otherwise, the statutes would have been written to permit a waiver of the mandatory fines based solely on a defendant's present state of indigency, and would not have also required trial courts to consider the additional question whether the offender is `unable to pay.'"State v. Gipson (1998), 80 Ohio St.3d 626, 636, 687 N.E.2d 750,758.
 {¶ 20} Accordingly, based upon the foregoing reasons, appellant's second assignment of error is overruled.
 {¶ 21} For the foregoing reasons, the judgment of the Court of Common Pleas of Delaware County, Ohio, is affirmed in part and reversed in part and the case is remanded to the trial court to properly calculate the number of days to be credited to the appellant.
Gwin, P.J., Hoffman, J., and Farmer, J., concur.
 {¶ 22} For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Delaware County, Ohio, is affirmed in part, reversed in part, and remanded to the trial court to properly calculate the number of days to be credited to the appellant. Costs to the appellee.