DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant Gregory Chavers has appealed from the judgment of the Wayne County Municipal Court which imposed punishment and probation upon accepting his plea of guilty. This Court affirms in part and reverses in part.
 I {¶ 2} On March 11, 2004, Appellant pled guilty to passing a bad check, a violation of R.C. 2913.11(A). In turn, the trial court sentenced Appellant as follows: 60 days in jail with 30 days suspended; court costs; $250 fine; and, one year of probation. As a term of his probation, Appellant was "not permitted to use or possess alcoholic beverages, illegal drugs or misuse prescription drugs, nor [was he] permitted to enter establishments such as bars or lounges where alcohol is sold or consumed." Appellant has timely appealed, raising three assignments of error. As Appellant's first and second assignments of error are interrelated, they will be discussed together.
 II Assignment of Error Number One
"The trial court erred by imposing fines and costs in the amount that appellant's ability to pay such violated Article I, sec. 2, and sec. 16 of the Ohio constitution, also the 14th amend. to the U.S. Const. (sic)."
 Assignment of Error Number Two
"The trial court erred when it did not take judicial notice that trial counsel stiplated (sic) [that] appellant was in fact indigent for the purpose of sentencing."
 {¶ 3} In his first two assignments of error, Appellant has averred that the trial court erred in fining him and imposing the costs of his prosecution on him. Specifically, Appellant has argued that the trial court was on notice that he was indigent and should have conducted a hearing prior to imposing a fine and costs. This Court disagrees.
 {¶ 4} In part, Appellant has asserted that the trial court erred in assessing costs against him because he is indigent. However, the Ohio Supreme Court has squarely held that costs may be assessed against an indigent defendant convicted of a felony. State v. White,103 Ohio St.3d 580, 2004-Ohio-5989, paragraph one of the syllabus. Further, this rationale has been extended to indigent defendants convicted of misdemeanors. State v. Chaney, 5th Dist. No. 2004-CAC-07057, 2004-Ohio-6712, at ¶ 6. As such, Appellant's claim that the court erred in assessing costs against him is without merit.
 {¶ 5} Additionally, Appellant has argued that the trial court erred when it failed to hold a hearing before fining him. The standard of review regarding sentencing for a misdemeanor is abuse of discretion. Inre Slusser (2000), 140 Ohio App.3d 480, 487. Abuse of discretion requires more than simply an error in judgment; it implies unreasonable, arbitrary, or unconscionable conduct by the court. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 6} A trial court is authorized to impose a financial sanction for a misdemeanor conviction pursuant to R.C. 2929.28(A). In so doing, "the court may hold a hearing to determine whether the offender is able to pay the financial sanction imposed pursuant to this section or court costs or is likely in the future to be able to pay the sanction or costs." R.C.2929.28(B). In the instant matter, no hearing was held. However, by the plain language of the statute such a hearing is not mandatory. In the instant case, Appellant pled guilty to a first degree misdemeanor. As such, he was subject to a fine up to $1,000. R.C. 2929.28(A)(2)(a)(i). Appellant was fined only $250. At the time he was fined, the trial court had previously appointed trial counsel to Appellant. However, "the fact that appellant has had appointed counsel for the duration of [a] case does not require this court to conclude that the trial court's imposition of fines is contrary to law." State v. Kelly (2001), 145 Ohio App.3d 277,284. The ability to pay a fine over a period of time is not equivalent to the ability to pay legal counsel a retainer fee at the onset of criminal proceedings. State v. Powell (1992), 78 Ohio App.3d 784, 789. In the instant matter, the trial court was aware of Appellant's financial status at the time of sentencing. The trial court made no determination at that time that Appellant was unable to pay the fines imposed. Based upon the facts before this Court, we cannot conclude that the trial court acted in an arbitrary or unreasonable manner in determining that a hearing was unnecessary.
 {¶ 7} Therefore, the trial court did not abuse its discretion in imposing costs and fining Appellant as a part of his sentence. Accordingly, Appellant's first and second assignments of error are overruled.
 Assignment of Error Number Three
"Trial court erred when it allowed the Probation Dept. to add certain conditions to appellant's probation when in fact these conditions had nothing to do with appellant's crime/conviction, also given the maximum sentence not perscribed by law. (sic)"
 {¶ 8} In his final assignment of error, Appellant has argued that the trial court erred in imposing a probation requirement that he not consume alcohol or visit a bar or lounge which serves alcohol. Under the facts presented here, this Court agrees.
 {¶ 9} A trial court has broad discretion in imposing conditions of probation. Lakewood v. Hartman (1999), 86 Ohio St.3d 275, 277. As such, the imposition of these conditions are reviewed under an abuse of discretion standard. State v. Talty, 103 Ohio St.3d 177, 2004-Ohio-4888, at ¶ 10. Abuse of discretion requires more than simply an error in judgment; it implies unreasonable, arbitrary, or unconscionable conduct by the court. Blakemore, 5 Ohio St.3d at 219.
 {¶ 10} The reasonableness of probation conditions must be evaluated using the three-prong test set forth in State v. Jones (1990),49 Ohio St.3d 51, 53. As such, this Court should
"consider whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation." Id.
 {¶ 11} In the instant matter, Appellant was convicted of passing a bad check. In support of his probation requirement relating to alcohol, the State has asserted it is valid because Appellant has prior convictions involving alcohol offenses. However, the record before this Court does not support such a statement. There is no evidence in the record of a presentence investigation. Further, there is no evidence that the trial court was ever informed of Appellant's prior alcohol offenses. Rather, upon requesting that the State detail Appellant's criminal history, the trial court was informed that Appellant had convictions for petty theft, receiving stolen property, and carrying a concealed weapon. However, there is no indication that the trial court was informed in any fashion, through oral or written communication, of Appellant's alleged prior alcohol offenses.
 {¶ 12} As such, the condition of Appellant's probation at issue cannot satisfy the test set forth in Jones. While there is little doubt that the condition is reasonably related to rehabilitating the offender and relates to conduct regarding future criminality, it cannot meet the second prong. Jones, 49 Ohio St.3d at 53. That is, with the record before this Court, there is no relationship between Appellant's conviction and a prohibition regarding alcohol. There is simply nothing in the record to indicate that alcohol was involved in this crime or past convictions of Appellant. While Appellant does not dispute these alcohol convictions in his reply brief, there is no evidence that these convictions were properly presented to the trial court when it made its sentencing decision. Accordingly, Appellant's second assignment of error has merit.
 III {¶ 13} Appellant's first and second assignments of error are overruled, and Appellant's third assignment of error is sustained. The judgment of the trial court is affirmed with respect to the imposition of fines and costs against Appellant. The judgment of the trial court is reversed to the extent that it imposed the above quoted probation requirement and the cause is remanded. As such, Appellant's sentence and the remaining conditions of his probation remain intact.
Judgment affirmed in part reversed in part, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to both parties equally.
Exceptions.
Carr, J., Batchelder, J. Concur.