DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant/Appellant, Marcus E. Sims, appeals from the sentence entered by the Municipal Court of Chillicothe, Ohio in connection with his plea of no contest to a second degree misdemeanor,[1] driving without a valid operator's license. On appeal, Appellant claims that the trial court (1) abused its discretion when it denied his requests to defer service of the jail term for four weeks or to allow him to serve his jail term intermittently on weekends, (2) erred when it imposed community control sanctions upon him without providing the advice required under R.C. 2929.25(A)(3)(a) through (c) and (3) abused its discretion in failing to conduct a hearing under R.C. 2929.28 (B) to determine whether the imposition of fines and costs exceeded his ability to pay. We find Appellant's first and third assignments of error are without merit and therefore overrule both; however, we find Appellant's second assignment of error is meritorious. Accordingly, we reverse and remand for re-sentencing.
 {¶ 2} The record reveals the following facts pertinent to this appeal. Appellant pleaded no contest to driving without a valid operator's license, a second degree misdemeanor. During the sentencing hearing on Wednesday, May 12, 2004, in addition to requesting that the court take into consideration the fact that he had just recently started a new job and gotten a new apartment, Appellant requested that the court order that he would "be work release eligible and defer those days in jail for four weeks" or for as long as the court could, and also stated that "[h]e would prefer to start the days on Saturday."
 {¶ 3} The following exchange took place regarding these requests:
"COURT: Alright, Mr. Sims. Ms. Rankin, anything you wanted to say?
MS. RANKIN: He does have a day credit, Judge and he does anticipate, given his record, that the court is going to sentence him to some time in jail. In addition to what he has just asked of the court, he would ask to be work release eligible and defer those days in jail for, four weeks, did you want?
MR. SIMS: As long as you can.
MS. RANKIN: He wants to try to . . . he is not sure he is going to be able to afford work release and he wants to try to get as much time in as he can. He just started this job. He wants to get in as much time with them as he can, for fear that he may lose it, without having some more time in on the job or not being able to pay for work release. And he would . . . he has a work release concern. He is working Monday through Friday. He would prefer to start the days on Saturday."
 {¶ 4} In response to Appellant's requests, the trial court sentenced Appellant to twelve days in jail, with credit for one day already served, and ordered that Appellant report to jail on Saturday, June 5, 2004, to begin serving his sentence. Additionally, the trial court sentenced Appellant to a community control sanction of two years and further ordered Appellant to pay costs estimated at $151.00 and "state fines and costs" in the amount of $24.00, with the option of performing community service in lieu of payment of the fines and costs. After sentence was imposed, Appellant questioned the court as follows: "You don't do weekends, huh?" to which the court responded "No, sir. Make arrangements to do that straight out."
 {¶ 5} Appellant assigns the following errors for our review:
 {¶ 6} "I. THE COURT ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S REQUESTS TO DEFER SERVICE OF THE JAIL TERM FOR FOUR WEEKS OR TO ALLOW HIM TO SERVE HIS JAIL TERM INTERMITTENTLY ON WEEKENDS. THIS ERROR VIOLATED APPELLANT'S RIGHT TO DUE PROCESS UNDER THE OHIO AND UNITED STATES CONSTITUTIONS.
 {¶ 7} II. THE TRIAL COURT ERRED WHEN IT IMPOSED COMMUNITY CONTROL SANCTIONS UPON APPELLANT WITHOUT PROVIDING THE ADVICE REQUIRED UNDER R.C. § 2929.25(A)(3)(a) THROUGH (c). THIS ERROR DEPRIVED APPELLANT OF HIS RIGHTS TO DUE PROCESS UNDER THE OHIO AND UNITED STATES CONSTITUTIONS.
 {¶ 8} III. THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO CONDUCT A HEARING UNDER R.C. § 2929.28(B) TO DETERMINE WHETHER THE IMPOSITION OF FINES AND COSTS EXCEEDED MR. SIM'S ABILITY TO PAY. THIS ERROR DEPRIVED MR. SIMS OF HIS RIGHTS UNDER OHIO'S SENTENCING STATUTES AND HIS RIGHTS TO DUE PROCESS AND EQUAL PROTECTION UNDER THE OHIO AND UNITED STATES CONSTITUTIONS."
 {¶ 9} In his first assignment of error, Appellant asserts that the trial court abused its discretion when it denied Appellant's requests to defer service of the jail term for four weeks or to allow him to serve his jail term intermittently on weekends. A trial court generally has broad discretion when sentencing a defendant for a misdemeanor. Columbus v. Jones
(1987), 39 Ohio App.3d 87, 88, 529 N.E.2d 947, 948-949. Thus, when we consider a claim that that trial court erred in imposing a particular sentence, we must determine whether the trial court abused its discretion. An abuse of discretion involves more than an error of judgment; it connotes an attitude on the part of the court that is unreasonable, unconscionable, or arbitrary.Franklin Cty. Sheriff's Dept. v. State Emp. Relations Bd.
(1992), 63 Ohio St.3d 498, 506, 589 N.E.2d 24. When applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court. Inre Jane Doe I (1991), 57 Ohio St.3d 135, 138, 566 N.E.2d 1181,1184-1185, citing Berk v. Matthews (1990), 53 Ohio St.3d 161,169, 559 N.E.2d 1301, 1308-1309.
 {¶ 10} In support of his argument, Appellant cites R.C.2929.26 (B)(1), arguing that this "provision authorizes the court to permit the defendant `to serve the offender's sentence in intermittent confinement, overnight, on weekends or at any other time or times that will allow the offender to continue at the offender's occupation or care for the offender's family.'" Appellant, in quoting the statutory language, misrepresents the context in which the statute applies. R.C. 2929.26 is entitled "Community residential sanction" and provides as follows:
"(A) Except when a mandatory jail term is required by law, the court imposing a sentence for a misdemeanor, other than a minor misdemeanor, may impose upon the offender any community residential sanction or combination of community residential sanctions under this section.[2]
* * *
(B) The court that sentences an offender to a community residential sanction under this section may do either or both of the following:
(1) Permit the offender to serve the offender's sentence in intermittent confinement, overnight, on weekends or at any other time or times that will allow the offender to continue at the offender's occupation or care for the offender's family."
 {¶ 11} Clearly, the statutory provision in which Appellant relies applies only to community residential sanctions, not jail terms. Although R.C. 2929.24, Misdemeanor jail terms, provides in section (B) that "[a] court that sentences an offender to a jail term under this section may permit the offender to serve the sentence in intermittent confinement or may authorize a limited release of the offender as provided in division (B) of section2929.26 of the Revised Code," Appellant does not raise this argument and we will not consider it sua sponte.
 {¶ 12} However, even if we construed Appellant's argument to be in reliance on R.C. 2929.24 (B), instead of R.C. 2929.26
(B)(1), we fail to find an abuse of discretion on the part of the trial court. Appellant's requests at the sentencing hearing were three-fold, (1) that the trial court permit him to be eligible for work release, (2) that the trial court defer the service of his jail term for four weeks (or for as long as the court could), and (3) that the trial court allow him to begin service of his jail term on a Saturday. At no point prior to imposition of sentence did Appellant or his counsel request that he be permitted to serve his sentence on an intermittent, weekend basis.
 {¶ 13} Based upon Appellant's requests, the trial court ordered that Appellant was work release eligible and ordered that Appellant begin service of his jail term three and one-half weeks later, on a Saturday. Deferring the service of the term to the next Saturday would have exceeded Appellant's requests. Therefore, based upon these facts, we find that the trial court did not abuse its discretion in imposing sentence on Appellant, but rather, that it went out of its way to accommodate Appellant's requests. Accordingly, we affirm the trial court's imposition of a jail term, to be served on a consecutive, rather than an intermittent, weekend basis.
 {¶ 14} In his second assignment of error, Appellant asserts that the trial court erred when it imposed community control sanctions upon him without providing the notice required under R.C. 2929.25(A)(3)(a)-(c). We agree. R.C. 2929.25(A)(3) requires the court to notify an offender of the possible sanctions for violating community control at the sentencing hearing. R.C.2929.25(A)(3)(a)-(c) provides as follows:
"(A) At sentencing, if a court directly imposes a community control sanction or combination of community control sanctions pursuant to division (A)(1)(a) of this section, the court shall state the duration of the community control sanctions imposed and shall notify the offender that if any of the following conditions of the community control sanctions are violated the court may do any of the following:
(a) Impose a longer time under the same community control sanction if the total time under all of the offender's community control sanctions does not exceed the five-year limit specified in division (A)(2) of this section;
(b) Impose a more restrictive community control sanction under section 2929.26, 2929.27, or 2929.28 of the Revised Code, but the court is not required to impose any particular sanction or sanctions;
(c) Impose a definite jail term from the range of jail terms authorized for the offense under section 2929.24 of the Revised Code."
 {¶ 15} Appellant asserts that the trial court did not inform him of all three options listed above, but instead only informed him, during the sentencing hearing, that "[i]f you violate any of those terms . . . you can be brought back into the court and sentenced up to 90 days and fined up to $750.00." There is no indication in the record that the trial court advised Appellant of the possibilities regarding community control sanctions contained in R.C. 2929.25(A)(3)(a) and (b), which include imposition of a longer term of community control or imposition of more restrictive community control.
 {¶ 16} Therefore, and in light of this sentencing deficiency, we sustain Appellant's second assignment of error, reverse the trial court's judgment and remand this matter to the trial court for re-sentencing. At that time, the trial court can notify the offender of the possible sanctions for any future community control violations. State v. Maxwell, Ross App. No. 04CA2811,2005-Ohio-3575, citing State v. Fraley, 105 Ohio St.3d 13,2004-Ohio-7110, 821 N.E.2d 995 at ¶ 17. "Then, if a subsequent violation occurs, the trial court could choose a sanction from those that it noted at the second hearing. Id.
 {¶ 17} In his third assignment of error, Appellant asserts that the trial court abused its discretion in failing to conduct a hearing under R.C. 2929.28(B) to determine whether the imposition of fines and costs exceeded his ability to pay. Appellant concedes that whether the court inquires into a defendant's ability to pay fines and/or costs is discretionary, but argues that because the court was on notice that Appellant was indigent for purposes of obtaining counsel and because the court knew of Appellant's Bureau of Motor Vehicle fine obligations, that it should have inquired into his ability to pay. Appellant argues that the court's failure to do so was an abuse of discretion. We disagree.
 {¶ 18} Although this particular issue has not been before this court, the Ninth District Court of Appeals has considered and rejected an argument identical to that of Appellant in Statev. Chavers, Wayne App. No. 04CA0022, 2005-Ohio-714. TheChavers court held as follows:
 {¶ 19} "the Ohio Supreme Court has squarely held that costs may be assessed against an indigent defendant convicted of a felony. State v. White, 103 Ohio St.3d 580, 817 N.E.2d 393,2004-Ohio-5989, paragraph one of the syllabus. Further, this rationale has been extended to indigent defendants convicted of misdemeanors. State v. Chaney, 5th Dist. No. 2004-CAC-07057,2004-Ohio-6712 at ¶ 6. As such, Appellant's claim that the court erred in assessing costs against him is without merit.
 {¶ 20} Additionally, Appellant has argued that the trial court erred when it failed to hold a hearing before fining him. The standard of review regarding sentencing for a misdemeanor is abuse of discretion. In re Slusser (2000), 140 Ohio App.3d 480,487, 748 N.E.2d 105. Abuse of discretion requires more than simply an error in judgment; it implies unreasonable, arbitrary, or unconscionable conduct by the court. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 21} A trial court is authorized to impose a financial sanction for a misdemeanor conviction pursuant to R.C.2929.28(A). In so doing, `the court may hold a hearing to determine whether the offender is able to pay the financial sanction or costs.' R.C. 2929.28(B). In the instant matter, no hearing was held. However, by the plain language of the statute such a hearing is not mandatory. In the instant case, Appellant pled guilty to a first degree misdemeanor. As such, he was subject to a fine up to $1000. R.C. 2929.28(A)(2)(a)(i). Appellant was fined only $250. At the time he was fined, the trial court had previously appointed trial counsel to Appellant. However, `the fact that appellant has had appointed counsel for the duration of [a] case does not require this court to conclude that the trial court's imposition of fines is contrary to law.'State v. Kelly (2001), 145 Ohio App.3d 277, 284,762 N.E.2d 479. The ability to pay a fine over a period of time is not equivalent to the ability to pay legal counsel a retainer fee at the onset of criminal proceedings. State v. Powell (1992),78 Ohio App.3d 784, 789, 605 N.E.2d 1337. In the instant matter, the trial court was aware of Appellant's financial status at the time of sentencing. The trial court made no determination at that time that Appellant was unable to pay the fines imposed. Based upon the facts before this Court, we cannot conclude that the trial court acted in an arbitrary or unreasonable manner in determining that a hearing was unnecessary." (Emphasis added).
 {¶ 22} We find the reasoning and analysis of the Chavers
court to be persuasive and therefore adopt it in regard to Appellant's arguments herein. Here, Appellant was ordered to pay $151.00 in costs and "state fines and costs" in the amount of $24.00 and he was given the option of performing community service in lieu of payment of the fine and costs. The court could have imposed a fine of $750, but it did not. The record reveals that Appellant was gainfully employed, was keeping up an apartment and was in the process of paying off his Bureau of Motor Vehicles fines.
 {¶ 23} Based upon these facts, we find, as did the court inChavers, that the trial court did not abuse its discretion in imposing costs and fining Appellant as a part of his sentence. Accordingly, Appellant's third assignment of error is overruled we affirm the trial court's imposition of fines and costs.
JUDGMENT AFFIRMED IN PART AND REVERSED IN PART.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED IN PART AND REVERSED IN PART and that the Appellee and Appellant split the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Chillicothe Municipal Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, P.J. Kline, J.: Concur in Judgment Only.
[1] Because this was Appellant's third offense within three years, this charge was classified as a second degree misdemeanor under R.C. 4510.12 (B)(4).
[2] Community residential sanctions include halfway houses and alternative residential facilities, as opposed to jail. R.C.2929.26.(A)(1) and (2).