DECISION AND JUDGMENT ENTRY
{¶ 1} Ellery Tarrant ("Appellant") appeals the sentence imposed by the Lawrence County Court of Common Pleas for the second violation of his community control. The Appellant contends that because the trial court did not notify him at the sentencing hearing for his first community control violation that it would impose a specific prison term for future violations of his community control sanctions, it cannot properly impose a four year prison term upon him for his second community control violation. Because we find that the trial court did not provide the Appellant with the notice required to impose a prison term for his second community control violation, we reverse the judgment of the trial court and remand for resentencing.
 I. Facts {¶ 2} By entry dated March 16, 2005, the Appellant pled guilty to two counts of trafficking in cocaine, fourth-degree felonies, and one count of trafficking in crack cocaine, a third-degree felony. The Lawrence County Court of Common Pleas sentenced the Appellant to four years of community control sanctions and advised the Appellant that it reserved seventeen months on his two counts of trafficking in cocaine and four years on his trafficking in crack cocaine count, should he violate his community control sanctions.
 {¶ 3} On May 19, 2005, the State ("Appellee") filed a motion to revoke the Appellant's community control sanctions. The trial court held a hearing on June 1, 2005, and found that the Appellant violated his community control sanctions by failing to successfully complete the STAR program. For this violation, the trial court sentenced the Appellant to 59 days in the Lawrence County Jail. The trial court did not advise the Appellant of potential penalties for future violations of his community control sanctions at this hearing.
 {¶ 4} On November 7, 2005, the Appellee filed a second motion to revoke the Appellant's community control sanctions, alleging that he violated the terms of his sanctions by using crack cocaine and associating with individuals who were using controlled substances. Following a hearing on the matter, the trial court found the Appellant guilty of said violation and sentenced him to four years in prison. The Appellant now appeals this sentence, alleging the following assignment of error:
 {¶ 5} 1. THE TRIAL COURT ERRED IN SENTENCING DEFENDANT TO A PRISON TERM UPON HIS SECOND COMMUNITY CONTROL VIOLATION WHERE THE COURT FAILED TO PROPERLY PUT DEFENDANT ON NOTICE OF THE SPECIFIC PRISON TERM TO BE IMPOSED FOR SUBSEQUENT VIOLATIONS OF HIS COMMUNITY CONTROL DURING THE SENTENCING HEARING FOR HIS FIRST COMMUNITY CONTROL VIOLATION AS REQUIRED BY R.C. 2929.19(B)(5) AND2929.15(B).
 II. Argument {¶ 6} The Appellant contends that the trial court's failure to notify him at the sentencing hearing for his first community control violation that a future community control violation would result in a specific prison term precludes its ability to sentence him to a prison term for his second community control violation. The Appellant relies upon R.C. 2929.19(B)(5) to advance his argument. It provides:
If the sentencing court determines at the sentencing hearing that a community control sanction should be imposed and the court is not prohibited from imposing a community control sanction, the court shall impose a community control sanction. The court shall notify the offender that, if the conditions of the sanction are violated, if the offender commits a violation of any law, or if the offender leaves this state without the permission of the court or the offender's probation officer, the court may impose a longer time under the same sanction, may impose a more restrictive sanction, or may impose a prison term on the offender and shall indicate the specific prison term that may be imposed as a sanction for the violation, as selected by the court from the range of prison terms for the offense pursuant to section2929.14 of the Revised Code.
In support of his argument, the Appellant also relies upon R.C.2929.15(B), which provides, in pertinent part,
If the conditions of a community control sanction are violated or if the offender violates a law or leaves the state without the permission of the court or the offender's probation officer, the sentencing court may impose a longer time under the same sanction if the total time under the sanctions does not exceed the five-year limit specified in division (A) of this section, may impose a more restrictive sanction under section 2929.16,2929.17, or 2929.18 of the Revised Code, or may impose a prison term on the offender pursuant to section 2929.14 of the Revised Code.
 {¶ 7} When evaluating compliance with the notification provision of R.C. 2929.19(B)(5), courts must examine two main variables: when the notification was given, and exactly what language the trial court used in the notification. See State v.Brooks, 103 Ohio St.3d 134, 2004-Ohio-4746, at ¶ 13. The first variable, when the notification was given, is implicated in the challenge sub judice. In State v. Fraley, 105 Ohio St.3d 13,2004-Ohio-7110, the Supreme Court of Ohio addressed the notification requirements for a trial court when sentencing an offender on a violation of his or her community control sanctions. It stated, specifically:
The notification requirement in R.C. 2929.19(B)(5) is meant to put the offender on notice of the specific prison term he or she faces if a violation of the conditions occurs. Following a community control violation, the trial court conducts a second sentencing hearing. At this second hearing, the court sentences the offender anew and must comply with the relevant sentencing statutes. State v. Martin, 8th Dist. No. 82140, 2003-Ohio-3381,2003 WL 21474154, at ¶ 35. The trial court could therefore comply with both the sentencing statutes and our holding in Brooks if at this second hearing the court notifies the offender of the specific prison term that may be imposed for a subsequent violation occurring after this second hearing. We believe that this process complies with the letter and spirit of R.C.2929.19(B)(5) and 2929.15(B).
We therefore hold that pursuant to R.C. 2929.19(B)(5) and2929.15(B), a trial court sentencing an offender upon a violation of the offender's community control sanction must, at the time of such sentencing, notify the offender of the specific prison term that may be imposed for an additional violation of the conditions of the sanction as a prerequisite to imposing a prison term on the offender for a subsequent violation.
Fraley, supra, at ¶¶ 17-18. We must evaluate the facts of this case under the framework set forth in Fraley. At the Appellant's June 1, 2005 hearing, the trial court sentenced him to 59 days in jail for a violation of his community control sanctions. The trial court did not advise him that a specific prison term would be imposed for a future violation of his community control. As such, he did not have the requisite notice that he would be imprisoned for a period of four years when he was sentenced to the same at the hearing on his second community control violation. Thus, the notice requirements enunciated inFraley were not met here.
 III. Conclusion {¶ 8} In light of this sentencing deficiency, we sustain the Appellant's sole assignment of error, reverse the trial court's judgment, and remand this matter to the trial court for resentencing. See State v. Sims, Ross App. No. 04CA2779,2006-Ohio-528, at ¶ 16. At that time, the trial court can notify the offender of the possible sanctions for any future community control violations. See State v. Maxwell, Ross App. No. 04CA2811, 2005-Ohio-3575, citing State v. Fraley, supra. Then, if a subsequent violation occurs, the trial court can "choose a sanction from those that it noted at the second hearing." Id.
Judgment Reversed and Cause Remanded.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND CAUSE REMANDED and that the Appellant recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Court of Common Pleas to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, P.J. and Abele, J.: Concur in Judgment and Opinion.