[Cite as *State v. Ellis*, 2017-Ohio-8104.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 27520 |
| | : | |
| v. | : | Trial Court Case No. 15-CRB-566 |
| | : | |
| ANTHONY ELLIS | : | (Criminal Appeal from |
| | : | Municipal Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 6th day of October, 2017.

. . . . . . . . . . .

RAYMOND DUNDES, Atty. Reg. No. 0041515, Area Two Prosecutor's Office, 6111 Taylorsville Road, Huber Heights, Ohio 45424
       Attorney for Plaintiff-Appellee

ANTHONY ELLIS, 4262 Knollcroft Drive, Trotwood, Ohio 45426
       Defendant-Appellant, Pro Se

. . . . . . . . . . . .

HALL, P.J.

{¶ 1} Anthony Ellis appeals pro se from his conviction in the Montgomery County Municipal Court following his guilty plea to violating a civil protection order (CPO). Ellis claims that he did not violate the CPO and pleaded guilty only to get out of jail. For the reasons below, we affirm.

## Facts and Proceedings

{¶ 2} In May 2015, Eldon Spillmen filed a complaint in the municipal court alleging that, on May 5, Ellis had violated a CPO that Spillmen had against him. According to the police report attached to the complaint, Ellis drove through Spillmen's yard to get to a parcel of property he owns that is adjacent to Spillmen's. The CPO that was in effect at the time prohibited Ellis from entering Spillmen's property and from coming within 500 feet of Spillmen. In March 2016, Ellis, who was represented by counsel, pleaded guilty to violating the CPO, R.C. 2919.27(A), a first-degree misdemeanor. After accepting his plea, the court sentenced Ellis to 90-days in jail and court costs of $254. The court suspended the jail sentence on the condition that he complete five years of community control.

{¶ 3} Ellis appealed.

## Analysis

{¶ 4} Ellis does not explicitly present any assignments of error. In his brief, he argues that he did not violate the CPO and only pleaded guilty "to get m[y] freedom back." He alleges that "[t]hese people at the court seem to have something against me and believe that they can use the power of the state[,] the court[,] and Montgomery County jail for the p[u]rpose of racial hate. I don't think so the buck stops here. I buy land and build homes[.] I don't violate CPOs." He asks us "not to allow evil people to use the power of

the state, police department, Montgomery jail and court as a personal tool for racial hatred. Let the law be the law." The State has not filed a brief.

{¶ 5} R.C. 2937.07 provides that "[i]f the offense is a misdemeanor and the accused pleads guilty to the offense, the court or magistrate shall receive and enter the plea unless the court or magistrate believes that it was made through fraud, collusion, or mistake." Ellis does not appear to be arguing that his guilty plea was the product of fraud, collusion, or mistake. He says in his brief that he pleaded guilty so that he could get out of jail, which is exactly what happened.

{¶ 6} Also, "[t]he plea of guilty is a complete admission of the defendant's guilt." Crim.R. 11(B)(1). "By entering a plea of guilty, the accused is not simply stating that he did the discreet acts described in the indictment; he is admitting guilt of a substantive crime." *United States v. Broce,* 488 U.S. 563, 570, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989). "Unlike a plea of no contest, which requires a trial court to make a finding of guilt, *State v. Bird,* 81 Ohio St.3d 582, 584, 692 N.E.2d 1013 (1998), a plea of guilty requires no finding or verdict. *Kercheval v. United States,* 274 U.S. 220, 223, 47 S.Ct. 582, 71 L.Ed. 1009 (1927)." *State v. Fryer*, 2015-Ohio-4573, 48 N.E.3d 962, ¶ 26 (5th Dist.). This is because "a counseled plea of guilty is an admission of factual guilt so reliable that, where voluntary and intelligent, it quite validly removes the issue of factual guilt from the case." *Menna v. New York*, 423 U.S. 61, 62, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975), fn. 2. By pleading guilty here, Ellis waived appeal on the question of his guilt.

{¶ 7} We note too that Ellis has not filed a transcript of the plea and sentencing hearing that we could review. Therefore there is simply no record before us from which we could evaluate his plea and must assume it was properly entered.

## Conclusion

**{¶ 8}** We find no basis to reverse the municipal court's judgment. Therefore the judgment is affirmed.

. . . . . . . . . . . . .


DONOVAN, J. and TUCKER, J., concur.


Copies mailed to:

Raymond Dundes
Anthony Ellis
Hon. William H. Wolff