[Cite as *State v. Ford*, 2024-Ohio-2732.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| Appellee | : | C.A. No. 2024-CA-1 |
| v. | : | Trial Court Case No. 23 CRB 01230 |
| TRACI DEANNE ELIZABETH FORD | : | (Criminal Appeal from Municipal Court) |
| Appellant | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on July 19, 2024

. . . . . . . . . .

COLIN P. COCHRAN, Attorney for Appellant

DANIELLE E. SOLLARS, Attorney for Appellee

. . . . . . . . . . . .

EPLEY, P.J.

{¶ 1} Defendant-Appellant Traci Deanne Elizabeth Ford appeals from her convictions for obstructing official business and failure to disclose personal information in the Xenia Municipal Court; she was sentenced to suspended jail time and a total of $250

in fines. For the reasons that follow, the judgment of the trial court will be affirmed.

## I.     Facts and Procedural History

{¶ 2} On September 22, 2023, Xenia police were dispatched to the area of Vermont Avenue on a potential domestic violence call; it had been reported that a male and a female were arguing in the middle of the street. When officers arrived, two suspects (one male and one female) were present in the road. Officer Jeremiah Fernbaugh tried to contact the male, but as he attempted to gather information, a woman, later identified as Ford, interjected herself into the conversation and told the male suspect to go back inside the house. He complied.

{¶ 3} Officer Fernbaugh then approached the female suspect (later identified as Ford's daughter) to gather information. The female would not cooperate, and soon Ford was again trying to interject herself into the situation. Another officer on the scene, Jarrod Cecil, instructed Ford to stop as she approached Officer Fernbaugh, but Ford tried to get around Officer Cecil, even after multiple instructions were given to stop.

{¶ 4} At some point during the investigation, Ford observed Officer Fernbaugh placing her daughter in handcuffs, and Ford became upset and unruly. To subdue her, Ford was placed in handcuffs so as to not interfere further with the investigation. When asked for personal identifiers like her name, address, and date of birth, Ford refused and was arrested.

{¶ 5} Ford was charged with one count each of obstructing official business, a second-degree misdemeanor, and failure to disclose personal information, a fourth-degree misdemeanor. The case progressed to a bench trial on December 13, 2023, at

which the trial court heard testimony from Officers Fernbaugh and Cecil, witnesses to the incident, and Ford. After closing statements, the trial court found Ford guilty as charged and proceeded to disposition. The trial court imposed a suspended 90-day sentence and a $150 fine for the obstruction count, and a 30-day suspended sentence and $100 fine for the failure to disclose count.

{¶ 6} Ford has filed a timely appeal.

## II.      Financial Sanctions

{¶ 7} In her lone assignment of error, Ford argues that the trial court failed to consider her ability to pay before imposing a financial sanction.

{¶ 8} According to R.C. 2929.28, a trial court may impose financial sanctions on an offender. For instance, in this case, Ford could have been fined up to $750 for the second-degree misdemeanor obstruction and up to $250 for the fourth-degree misdemeanor failure to disclose. R.C. 2929.28(A)(2). If the trial court determines a hearing is necessary for the imposition of the sanction, it may hold a hearing to determine whether the offender is able to pay the financial sanction or is likely in the future to be able to do so. R.C. 2929.28(B).

{¶ 9} Although R.C. 2929.28(B) makes a hearing discretionary, we have previously stated that "there must be some evidence in the record that the court considered the defendant's present and future ability to pay the sanction imposed." *State v. Burks*, 2d Dist. Montgomery No. 29629, 2023-Ohio-1156, ¶ 10. *But see State v. Messer*, 2023-Ohio-4355, 230 N.E.3d 618 (3d Dist.) (holding that R.C. 2929.28(B) does not require the court to consider the defendant's ability to pay when ordering misdemeanor restitution).

{¶ 10} In this case, though, we need not decide whether there was evidence in the record that the trial court considered Ford's ability to pay. Ford did not object at sentencing to the court's imposition of the $150 (for obstruction) and $100 (for failure to disclose) fines, nor did she assert that she lacked the ability to pay them. "Where the offender does not object at the sentencing hearing to the amount of the fine and does not request an opportunity to demonstrate to the court that [s]he does not have the resources to pay the fine, [s]he waives any objection to the fine on appeal." *State v. Keylor*, 7th Dist. Monroe No. 02 MO 12, 2003-Ohio-3491, ¶ 12; *State v. Potts*, 7th Dist. Harrison No. 07 HA 4, 2008-Ohio-643, ¶ 7. Ford has waived this issue for purposes of her appeal, but if she is unable to pay, the issue can be raised at a hearing for non-payment.

{¶ 11} The assignment of error is overruled.

### III.     Conclusion

{¶ 12} The judgment of the trial court will be affirmed.

. . . . . . . . . . . . .


TUCKER, J. and HUFFMAN, J., concur.