[Cite as *State v. Charles*, 2025-Ohio-5062.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MIAMI COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | C.A. No. 2025-CA-2 |
| Appellee | : | |
| | : | Trial Court Case Nos. 2024 CRB 02469; |
| v. | : | 2024 CRB 01917 |
| | : | |
| DYLAN R. CHARLES | : | (Criminal Appeal from Municipal Court) |
| | : | |
| Appellant | : | **FINAL JUDGMENT ENTRY &** |
| | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on November 7, 2025, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

*Mary K. Huffman*

_____
MARY K. HUFFMAN, JUDGE

LEWIS, J., and HANSEMAN, J., concur.

RICHARD L. KAPLAN, Attorney for Appellant
ANDREW H. JOHNSTON, Attorney for Appellee

HUFFMAN, J.

{¶ 1} Dylan Charles appeals from his convictions in the Miami County Municipal Court on one count each of obstructing official business (obstruction) and attempted theft. For the following reasons, we affirm the judgment of the trial court.

## Facts and Procedural History

{¶ 2} On August 19, 2024, Charles was charged with attempted theft and criminal trespass. On October 28, 2024, in a separate matter, he was charged with obstruction following his arrest the day before on a warrant on the August 19, 2024 complaint. On October 29, 2024, Charles pled not guilty to all offenses, but later on November 13, 2024, he pled guilty to attempted theft and obstruction. The remaining charge was dismissed. Disposition occurred on December 31, 2024. The court sentenced Charles to 90 days in jail for each offense to be served concurrently, with credit for time spent in jail. The court also imposed fines of $150.00 for attempted theft and $100.00 for obstruction, plus court costs.

## Assignments of Error and Analysis

{¶ 3} Charles asserts two assignments of error. In his first assignment of error, Charles argues that the trial court erred when it imposed fines totaling $250.00 plus court costs without determining his ability to pay, noting that he was represented by the public defender due to his indigency. In his second assignment of error, Charles argues that the trial court failed to call for an explanation of circumstances in accepting his guilty pleas, as

2

required by R.C. 2937.07, and that his guilty pleas were, therefore, not knowing, intelligent, and voluntary.

### Financial Sanctions

{¶ 4} R.C. 2929.28(A) states: "In addition to imposing court costs pursuant to R.C. 2947.23 of the Revised Code, the court imposing a sentence upon an offender for a misdemeanor . . . may sentence the offender to any financial sanction or combination of financial sanctions authorized under this section . . . ." The statute specifies the maximum fines based upon the degree of the misdemeanor. Both of Charles's offenses were second-degree misdemeanors with maximum fines of $750.00 on each count. R.C. 2929.28(A)(2)(a)(ii).

{¶ 5} Furthermore, R.C. 2929.28(B) states: "If the court determines a hearing is necessary, the court may hold a hearing to determine whether the offender is able to pay the financial sanction imposed pursuant to this section or court costs or is likely in the future to be able to pay the sanction or costs." "Although R.C. 2929.28(B) makes a hearing discretionary, we have previously held that 'there must be some evidence in the record that the court considered the defendant's present and future ability to pay the sanctions imposed.'" *State v. Ford*, 2024-Ohio-2732, ¶ 9 (2d Dist.), quoting *State v. Burks*, 2023-Ohio-1156, ¶ 10 (2d Dist.).

{¶ 6} Charles argues that the trial court should have inquired about his ability to pay fines and court costs because it had previously determined he was indigent for purposes of representation by the public defender. We do not find this argument persuasive. The fact that the trial court appointed counsel to represent Charles does not mean that we must find the court should have held a hearing to consider Charles's ability to pay or that the court's imposition of fines was contrary to law. *State v. Chavers*, 2005-Ohio-714, ¶ 6 (9th Dist.).

3

Costs may be assessed against an indigent defendant convicted of misdemeanors. *State v. Chaney*, 2004-Ohio-6712, ¶ 6 (5th Dist.).

{¶ 7} Nevertheless*,* we need not decide whether there was evidence in the record that the trial court considered Charles's ability to pay because he did not object at disposition to the imposition of the $150.00 fine for attempted theft and the $100.00 fine for obstruction, nor did he argue that he was unable to pay financial sanctions. "'Where the offender does not object at the sentencing hearing to the amount of the fine and does not request an opportunity to demonstrate to the court that [he] does not have the resources to pay the fine, [he] waives any objection to the fine on appeal.'" *Ford* at ¶ 10*,* quoting *State v. Keylor*, 2003-Ohio-3491, ¶ 12 (7th Dist.); *State v. Potts*, 2008-Ohio-643, ¶ 7 (7th Dist.)*.* As in *Ford,* Charles has waived the issue for purposes of his appeal. If he is unable to pay, Charles may raise the issue at a hearing for non-payment. *Chaney*, at ¶ 8. Charles's first assignment of error is overruled.

{¶ 8} If we were to reach the merits of Charles's argument, however, the record contains sufficient evidence of his ability to pay both fines and court costs. The pre-sentence investigation report in this matter, to which the court referred when sentencing Charles, reflects that Charles was 29 years of age at the time of sentencing; he reported no physical health concerns that prevented him from working; he had a history of employment, although he was unemployed at the time of sentencing; and he had obtained his GED. As such, there was ample evidence in the record from which the court could find that Charles had the present and future ability to pay any court costs or fines imposed.

**Explanation of Circumstances**

{¶ 9} In his second assignment of error, Charles argues that his guilty pleas were not knowing, intelligent, and voluntary because the court failed to comply with R.C. 2937.07,

4

which governs court action on pleas of guilty and no contest in misdemeanor cases. Charles claims that based upon the trial court's failure to call for an explanation of circumstances, there "was no indication of any of the underlying facts regarding the two crimes," and we should vacate his pleas and "dismiss the charges."

{¶ 10} This court recently considered the application of R.C. 2937.07 in *State v. Price*, 2025-Ohio-1487 (2d Dist.). Regarding the acceptance of guilty pleas, R.C. 2937.07 states:

> If the offense is a misdemeanor and the accused pleads guilty to the offense, the court or magistrate shall receive and enter the plea . . . . Upon receiving a plea of guilty, the court or magistrate shall call for an explanation of the circumstances of the offense from the affiant or complainant or the affiant's or complainant's representatives . . . . After hearing the explanation of circumstances, together with any statement of the accused . . . , the court or magistrate shall proceed to pronounce the sentence or shall continue the matter for the purpose of imposing the sentence.

{¶ 11} Price argued that the trial court erred by accepting her guilty plea to misdemeanor assault without calling for an explanation of circumstances upon which to base the finding of guilt. *Id.* at ¶ 31. This court found that while the trial court did fail to do so, any error was harmless. *Id.* We noted that unlike a plea of no contest, ""which requires a trial court to make a finding of guilt, . . . a plea of guilty requires no finding or verdict.""" (Internal citations omitted.) *Id.* at ¶ 36, quoting *State v. Ellis*, 2017-Ohio-8104, ¶ 6 (2d Dist.), quoting *State v. Fryer*, 2015-Ohio-4573, ¶ 26 (5th Dist.). "'This is because "a counseled plea of guilty is an admission of factual guilt so reliable that, where voluntary and intelligent, it quite validly removes the issue of factual guilt from the case."'" *Id.,* quoting *Ellis* at ¶ 6, quoting *Menna v. New York,* 423 U.S. 61, 62, fn. 2 (1975).

{¶ 12} As in *Price,* Charles fails to explain, and we fail to see, how the trial court omitting an explanation of circumstances at the time of his guilty pleas prejudiced him. The court advised Charles that a plea of guilty is a complete admission of guilt, and Charles acknowledged his understanding of the court's advisement. Because he pled guilty to attempted theft and obstruction, the court was not required to make findings of guilt based upon any explanation of circumstances. Charles's second assignment of error is overruled.

**Conclusion**

{¶ 13} Charles's first and second assignments of error are overruled for the reasons set forth herein. The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

LEWIS, J., and HANSEMAN, J., concur.