[Cite as *State v. Hernandez*, 2018-Ohio-5031.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 106577

---

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**HUMBERTO HERNANDEZ**

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-17-614400-A

**BEFORE:** Stewart, J., McCormack, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** December 13, 2018

**ATTORNEYS FOR APPELLANT**

Joseph C. Patituce
Trisha M. Breedlove
Megan Patituce
Patituce & Associates
26777 Lorain Road, Suite 1
North Olmsted, OH 44070


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

Aqueelah A. Jordan
Saleh Awadallah
Mahmoud S. Awadallah
Kristen L. Sobieski
Geoffrey S. Minter
Assistant County Prosecutors
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH 44113

MELODY J. STEWART, J.:

{¶1} A jury found defendant-appellant Humberto Hernandez guilty of committing multiple counts of rape, kidnapping, and gross sexual imposition against a girl and boy siblings, both of whom were under 13 years of age at the time the offenses occurred. The victims were the stepchildren of Hernandez's son. The victims and their parents lived with Hernandez at the time the crimes were committed. The girl testified that Hernandez vaginally raped her, digitally raped her, and forced her to touch his penis as he watched pornography. The boy testified that he was made to touch Hernandez's penis and that Hernandez then touched the boy's penis.

{¶2} In this appeal, Hernandez complains that the court erroneously allowed the state to offer other acts evidence in the form of unindicted conduct perpetrated against the boy; that trial counsel failed to seek the exclusion of the other acts evidence; that the court allowed a police officer to give testimony that improperly bolstered the boy's testimony; that there was insufficient evidence to prove the charged crimes; and that the jury's verdict is against the weight of the evidence. We find no error and affirm.

I. Other Acts Evidence

**{¶3}** Apart from giving testimony directly related to the specific counts of the indictment, the girl testified that Hernandez took her and her brother on bicycle rides to a local park, and on one such occasion, he put his hands down her pants and digitally penetrated her. Hernandez objected on grounds that the indictment did not contain any charges relating to the incident in the park. He further complained that the girl had testified that "almost every day" Hernandez would wait for her to come home from school and make her stroke his penis while he watched pornography. The court said that "child sexual assault is a very fluid sort of thing[,]" and that Hernandez had the power to cross-examine the girl on her credibility. It stressed that "this is a pattern of conduct and this pattern of conduct is clearly pervasive based on her testimony." Hernandez argues that the girl's testimony was irrelevant other acts testimony admitted in violation of Evid.R. 404(B).

**{¶4}** "It is hornbook law that a defendant may not on appeal urge a new ground for his objection." *State v. Milo*, 10th Dist. Franklin No. 81AP-746, 1982 Ohio App. LEXIS 12440, 15 (Sep. 30, 1982), citing *Yuin v. Hilton*, 165 Ohio St. 164, 134 N.E.2d 719 (1956). This is because a party objecting to the admission of evidence must state the specific ground of objection at the time a ruling admitting evidence is made. *See* Evid.R. 103(A)(1); *State v. Bentz*, 2017-Ohio-5483, 93 N.E.3d 358, ¶ 127 (3d Dist.).

**{¶5}** Hernandez did not use Evid.R. 404(B) as grounds for objecting to the girl's testimony — defense counsel stated that "I was objecting because it's outside of the confines of what they're trying to prove." This objection on grounds of relevancy does not trigger Evid.R. 404(B), which prohibits proof of a defendant's uncharged wrongful acts for the purpose of establishing his propensity to commit the charged offense, but allows the court to admit such evidence for another purpose, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. To be sure, the text of Evid.R. 404(B) states that evidence of other acts "may be relevant" for proving "motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing the act in question." But Hernandez's objection was so general that at no point in the sidebar conference at which the parties discussed the objection did Hernandez mention Evid.R. 404(B) and other acts evidence. We can only conclude that the objection was based on Evid.R. 401, which states that "relevant" evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

**{¶6}** In addition, the record shows that Hernandez did not ask the court to instruct the jury on the use of other acts evidence under Evid.R. 404(B), nor did the court give an other acts evidence instruction on its own initiative. Hernandez forfeited the right to argue Evid.R. 404(B) as a ground for appeal.

## II. Ineffective Assistance of Counsel

**{¶7}** Hernandez maintains that defense counsel was ineffective for failing to seek exclusion of uncharged conduct prior to the start of trial. He also complains that defense counsel failed to cross-examine the girl, a tactic that he claims was not a viable trial strategy.

**{¶8}** A defendant claiming ineffective assistance of counsel must show that trial counsel was deficient for failing to raise the issues he presents on appeal and that there was a reasonable probability of success had those issues been presented at trial. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

**{¶9}** Defense counsel had no obligation to proactively seek exclusion of other acts evidence. Evid.R. 404(B) states: "In criminal cases, the proponent of evidence to be offered under this rule shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial." The record on appeal does not show that the state gave notice of its intent to offer evidence of Hernandez's uncharged conduct at trial, so defense counsel could reasonably believe that such evidence would not be offered. *DuBray v. Pringle*, D.N.D. No. 3:16-cv-29, 2016 U.S. Dist. LEXIS 133370, 25 (Aug. 30, 2016). In addition, defense counsel's pretrial focus was on Hernandez's competency to stand trial — he had been ruled incompetent, provided treatment, and restored to competency. Counsel does not violate a duty to a client by focusing on one issue to the exclusion of another. *Harrington v. Richter*, 562 U.S. 86, 109, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011), quoting *Yarborough v. Gentry*, 540 U.S. 1, 8, 124 S.Ct. 1, 157 L.Ed.2d 1 (2003) (per curiam) ("There is a 'strong presumption' that counsel's attention to certain issues to the exclusion of others reflects trial tactics rather than 'sheer neglect.'").

{¶10} Defense counsel's decision not to cross-examine the girl fell within the realm of trial strategy. Our review of trial counsel's performance is highly deferential and we refrain from second-guessing tactical decisions of trial counsel. *State v. Hand*, 107 Ohio St.3d 378, 2006-Ohio-18, 840 N.E.2d 151, ¶ 231. As an appellate court reviewing a trial transcript, we are at a disadvantage — we have no way of knowing how the girl testified and, equally important, how the jury perceived her and her testimony. These were considerations that defense counsel had to weigh in deciding whether to engage in a vigorous cross-examination. As such, they fell within the realm of trial tactics that we will not second-guess.

### III. Bolstering Testimony

{¶11} Hernandez argues that the state improperly used testimony from the victims' mother and a police detective to bolster the girl's testimony. He also argues that the detective testified that child-victims of sexual abuse commonly delay disclosures, a statement that fell within the realm of expert testimony, but that the court did not qualify the detective as an expert.

{¶12} "[B]olstering is an implication by the government that the testimony of a witness is corroborated by evidence known to the government but not known to the jury." *United States v. Sanchez*, 118 F.3d 192, 198 (4th Cir. 1997). *See also Black's Law Dictionary* 176 (6th Ed.1990) (defining the term bolstering as "when one item of evidence is improperly used by a party to add credence or weight to some earlier unimpeached piece of evidence offered by the same party").

{¶13} None of the three instances that Hernandez claims amounted to bolstering truly is such. The first instance occurred when the victims' mother testified that after living with Hernandez (at which time the crimes occurred), the family moved out. She testified that at the time they moved out, she and her husband (Hernandez's son) were unaware of what Hernandez had done. Financial circumstances then arose in which they contemplated moving back in with Hernandez. When the girl learned this, she became upset over the prospect of living with Hernandez again and said that she "would get a job and help us pay the bills, that she was not going" back to live with Hernandez.

{¶14} The second instance occurred in the context of the girl's disclosing to her mother Hernandez's sexual abuse. The mother testified that she did not want to take the girl to the police at the time of disclosure because "[i]t was very painful for her and I and everyone else in the household that we lived in. She had kept this inside for a very long time and I don't think that she was ready to come out but because of the situation * * *."

{¶15} The third instance occurred in the context of the boy disclosing to his father Hernandez's acts of abuse. When the mother learned of this disclosure, she decided to report it to the police. When asked if her husband accompanied her to the police station, the mother replied, "[h]e said he was humiliated and he left and said he was going to fix this."

**{¶16}** The second and third claimed instances of bolstering do not directly implicate the credibility of the sexual abuse allegations made by the victims — they explain actions taken by the parents in response to the victims' disclosure of Hernandez's acts. A parent can state that the police were contacted after allegations of sexual abuse without that statement being viewed as a comment on the credibility of the accuser. The first instance does involve a statement made by the girl victim, but it did not involve her credibility — it instead described the context in which the girl disclosed the acts perpetrated on her.

**{¶17}** The girl did not disclose Hernandez's acts until 2016, by which time she was 20 years old. The police detective testified that "a lot of typical cases" involving child victims of sexual abuse are not immediately reported by children because they are scared: they might be scared that they will not be believed; they are scared that it will cause family infighting; and they are scared that they could be removed from their parents and placed in foster care. Hernandez did not object to this answer, so he has forfeited all but plain error on appeal. *State v. Osie*, 140 Ohio St.3d 131, 2014-Ohio-2966, 16 N.E.3d 588, ¶ 80. Likewise, Hernandez did not object on grounds that the detective was giving an expert opinion when testifying to the circumstances that might have compelled the girl to disclose Hernandez's conduct (the family had moved away, creating a safe space for the girl and the girl had reached the age of majority). This claimed error, too, has been forfeited and is subject only to plain error review.

**{¶18}** To prevail on a plain error claim, Hernandez must show that "an error occurred, that the error was plain, and that the error affected his substantial rights." *State v. Wilks*, Slip Opinion No. 2018-Ohio-1562, ¶ 52. The detective testified that he had investigated over 2,500 sexual abuse cases. There is little reason to think that the court would not have qualified the detective as an expert on those matters had an objection been made.

IV.   Manifest Weight of the Evidence

{¶19} Hernandez argues that the jury's verdict is against the manifest weight of the evidence because his witnesses contradicted testimony by the victims.   He maintains that these conflicts, taken in conjunction with "improper testimony" related to unindicted allegations and improper bolstering, show that the jury lost its way and a miscarriage of justice resulted.

{¶20} The manifest weight of the evidence standard requires the reviewing court to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.   *State v. Otten*, 33 Ohio App.3d 339, 340, 515 N.E.2d 1009 (9th Dist.1986).   This is a difficult burden for an appellant to overcome because the trier of fact has the sole responsibility to resolve factual issues.   *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraph one of the syllabus.   Because the standard of review uses the word "manifest," it means that we can only reverse the trier of fact if its decision is very plainly or obviously contrary to the evidence.

**{¶21}** The girl testified that on one occasion when Hernandez had just finished molesting her in his bedroom, Hernandez's wife came home and found them in the bedroom. Hernandez's wife did not directly testify to this incident, but testified that she never saw any inappropriate interactions between Hernandez and the children. This was not particularly compelling testimony: the victims testified that Hernandez perpetrated his acts of abuse when they arrived home from school and Hernandez's wife conceded that her work hours meant that the children arrived home from school well before her shift ended and she would return home. The wife's testimony did not detract from the state's evidence showing that Hernandez committed his crimes when no other adult was present in the house.

**{¶22}** We summarily reject Hernandez's argument that the jury's verdict was tainted by improper evidence. Having forfeited the right to challenge the propriety of the evidence by failing to object, he has not demonstrated that the evidence was improper for purposes of raising it as part of an assigned error going to the weight of the evidence.

### V. Sufficiency of the Evidence

**{¶23}** Hernandez claims that the state failed to offer sufficient evidence to prove the charge of gross sexual imposition against the boy because it did not offer any evidence to show that Hernandez touched the boy for purposes of sexual gratification.

**{¶24}** The state charged Hernandez with violating R.C. 2907.05(A)(4): that he had sexual contact with the boy knowing that the boy was less than 13 years of age. "Sexual contact" means "any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person." R.C. 2907.01(B). The trier of fact may infer a purpose of sexual arousal or gratification from the nature and circumstances of the conduct. *State v.*

*Finklea*, 8th Dist. Cuyahoga No. 100066, 2014-Ohio-1515, ¶ 17; *State v. McShaffrey*, 9th Dist. Summit No. 28539, 2018-Ohio-1813, ¶ 11.

{¶25} The boy testified that Hernandez "asked me to come here and I went with him to his room and we went on the bed and he — he — he pulled my shorts down and touched my penis and then he made me touch his penis." The boy characterized this incident as being "molested" and "touched." A rational trier of fact could infer the same from the circumstances because there was no innocent explanation for the mutual touching.

{¶26} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, JUDGE

TIM McCORMACK, P.J., and
PATRICIA ANN BLACKMON, J., CONCUR