[Cite as *State v. Valentino*, 2024-Ohio-5150.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| | | |
|---|---|---|
| STATE OF OHIO | | C.A. No. 2024CA0017-M |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| NICHOLAS J. VALENTINO | | MEDINA MUNICIPAL COURT COUNTY OF MEDINA, OHIO |
| Appellant | | CASE No. 23CRB01256 |

DECISION AND JOURNAL ENTRY

Dated: October 28, 2024

STEVENSON, Presiding Judge.

{¶1} Appellant Nicholas Valentino appeals from the decision of the Medina Municipal Court that overruled his objections to court's probation terms. This Court affirms.

I.

{¶2} Valentino was initially charged with three misdemeanors in this case. After two of the misdemeanor charges were dismissed, Valentino pleaded no contest to telecommunications harassment. The trial court accepted the plea and found Valentino guilty of telecommunications harassment in violation of R.C. 2917.21(A)(6), a misdemeanor of the first degree. The trial court imposed a $500 fine and sentenced Valentino to 180 days in jail, with 41 days suspended and 139 days credited for time served. The trial court also sentenced Valentino to one year of community control, subject to certain conditions.

{¶3} The trial court imposed, as part of Valentino's community control, conditions pertaining to drug and alcohol usage. The trial court ordered that Valentino's community control

was subject to the "[a]ssessment of use of alcohol/drugs and treatment as directed;" that Valentino was "[n]ot to possess or consume alcoholic beverages;" that Valentino was "[n]ot to refuse to submit to a chemical test of blood, breath, or urine at the request of law enforcement/probation officer;" and, that Valentino was "[s]ubject to random drug screens" and that he "shall not test positive for any controlled substance . . . ."

{¶4}    Valentino filed an "objection to court's probation terms" in response to the trial court's sentence. Valentino solely objected to the imposed drug and alcohol conditions of his community control. Valentino argued that the imposition of drug and alcohol conditions was improper as "there is nothing before the trial court that connects any drug use or alcohol facts to the telecommunications harassment case" and because "[t]his entire matter is void of any investigatory evidence of drug or alcohol use by [him]." Valentino further asserted that "there is no evidence of [him having a] drug or alcohol criminal record . . . ." Valentino asked the trial court to remove the drug and alcohol conditions of his community control.

{¶5}    The trial court overruled Valentino's objection, finding that the record supports the imposition of drug and alcohol conditions as part of his community control. Valentino appeals the trial court's decision on his objection.

{¶6}    We note that the trial court sentenced Valentino on February 13, 2023. The trial court's sentence was a judgment of conviction. *See* Crim.R. 32. The trial court could not modify its final sentence absent statutory authority or authority conferred by a rule. R.C. 2929.25(B) authorizes a trial court to modify the conditions of community control for misdemeanor sentences. The trial court denied Valentino's objection, which was a request to modify the conditions of community control, on February 21, 2023. Valentino's notice of appeal only included the trial court's February 21, 2023 decision, setting forth two assignments of error for our review.

II.

**APPELLANT'S FIRST ASSIGNMENT OF ERROR**

**THE TRIAL COURT ERRED WHEN IT ISSUED ITS SENTENCING AND PROBATION TERMS OF ALCOHOL AND DRUG MONITORING WHEN THIS CASE HAD ABSOLUTELY NOTHING TO DO WITH ALCOHOL OR DRUG MONITORING AS IT WAS A (M1) TELECOMMUNICATIONS HARASSMENT CHARGE.**

{¶7} Valentino argues in his first assignment of error that the trial court erred when it imposed drug and alcohol conditions as part of his community control. Valentino argues that the telecommunications harassment conviction has nothing to do with drug and alcohol use and that, therefore, the trial court erred when it imposed the drug and alcohol conditions. For the reasons set forth below, we disagree.

{¶8} This Court has recognized that "[a] trial court has broad discretion in imposing conditions of probation." *State v. Brooks*, 2008-Ohio-3723, ¶ 56 (9th Dist.), citing *Lakewood v. Hartman*, 86 Ohio St.3d 275, 277 (1999); *State v. Chavers*, 2005-Ohio-714, ¶ 9 (9th Dist.). As such, we review the trial court's imposition of community control conditions under an abuse of discretion standard. *Brooks* at ¶ 56, citing *State v. Talty*, 2004-Ohio-4888, ¶ 10. "The term 'abuse of discretion' connotes more than an error of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying an abuse of discretion standard, a reviewing court is precluded from substituting its judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶9} The reasonableness of community control conditions must be evaluated using the three-prong test set forth in *State v. Jones*, 49 Ohio St.3d 51, 53 (1990); *Chavers* at ¶ 10. As such, this Court should

consider whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation.

*Jones* at 53.

{¶10} Upon review of the record, we note that certain documents have not been made part of the record on appeal. The trial court stated at Valentino's sentencing that it "reviewed the presentence investigation report . . . [and] the extensive victim impact statement that was provided." The trial court "considered all [the] statutory factors and the presentence investigation material . . . ." The trial court-imposed drug and alcohol conditions after reviewing the presentence investigation report ("PSI") and the victim impact statement.

{¶11} "It is the appellant's responsibility to ensure that the record on appeal contains all matters necessary to allow this Court to resolve the issues on appeal." *State v. Farnsworth*, 2016-Ohio-7919, ¶ 16 (9th Dist.). *See also* App.R. 9. "This Court has consistently held that, where the appellant has failed to provide a complete record to facilitate appellate review, we are compelled to presume regularity in the proceedings below and affirm the trial court's judgment." *Farnsworth* at ¶ 16.

{¶12} The record before us does not contain the PSI or the victim impact statement the trial court reviewed prior to sentencing. As the record does not contain documents necessary for appellate review, we cannot properly review the conditions of Valentino's probation. *See State v. Vasquez*, 2019-Ohio-5406, ¶ 8 (9th Dist.); *State v. McShaffrey*, 2018-Ohio-1813, ¶ 25 (9th Dist.). The information contained in these documents would have influenced the trial court's decision as to the conditions it imposed as part of Valentino's community control. Accordingly, we must presume regularity in the proceedings below and affirm. *See Vasquez* at ¶ 8; *McShaffrey* at ¶ 25.

{¶13} Valentino's first assignment of error is overruled.

**APPELLANT'S SECOND ASSIGNMENT OF ERROR**

**THE TRIAL COURT ERRED WHEN IT RELIED UPON NEW MATERIAL FACTS ALLEGED BY THE VICTIM AT SENTENCING AND DID NOT CONTINUE THE SENTENCING HEARING AND DID NOT PERMIT MR. VALENTINO TO RESPOND TO THE NEW MATERIAL, A DIRECT VIOLATION OF O.R.C. 2930.14(B).**

**{¶14}** Valentino argues in his second assignment of error that the trial court improperly relied upon new statements made by the victim at sentencing without providing him with an opportunity to respond to the new statements. As discussed below, we must presume regularity in the proceedings and overrule Valentino's second assignment of error.

**{¶15}** Valentino cites R.C. 2930.14(B) in support of the argument presented in his second assignment of error. R.C. 2930.14(B)states:

> The court shall consider a statement made by victim . . . along with other factors that the court is required to consider in imposing sentence or in determining the order of disposition. **If the statement includes new material facts, the court shall not rely on the new material facts unless it continues the sentencing or dispositional proceeding or takes other appropriate action to allow the defendant . . . an adequate opportunity to respond to the new material facts.**

(Emphasis added.)

**{¶16}** Valentino's argument is similar to the appellant's argument in *State v. Collins*, 2020-Ohio-317 (9th Dist.). The appellant in *Collins* cited R.C. 2930.14(B) and argued that the trial court erred when it relied upon new information from the victim at sentencing and did not provide her with an opportunity to respond. *Id.* at ¶ 12. Because the PSI was not part of the record, and because the trial court had considered the PSI in imposing sentence, this Court concluded that it was unable to properly review the assignment of error. *Id.* at ¶ 14. Without the PSI, this Court could not "determine whether the facts allegedly relied upon by the trial court were in fact 'new material facts' as required by the statute.'" *Id.*, quoting R.C. 2930.14(B).

**{¶17}** The trial court stated at the sentencing hearing that it reviewed and considered the PSI and the victim impact statement. Neither the PSI nor the victim impact statement are part of the record. Accordingly, this Court cannot determine whether the victim's statements made at the sentencing hearing were "new material facts[.]" *See* R.C. 2930.14(B); *Collins*, 2020-Ohio-317, at ¶ 14.

**{¶18}** Valentino has not "ensure[d] that the record on appeal contains all matters necessary to allow this Court to resolve the issues on appeal" and, as such, we must presume regularity in the proceedings below and affirm. *Farnsworth*, 2016-Ohio-7919, at ¶ 16; *see also* App.R. 9. Valentino's second assignment of error is, accordingly, overruled.

### III.

**{¶19}** Valentino's first and second assignments of error are overruled. The decision of the Medina Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Medina Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
SCOT STEVENSON
FOR THE COURT

CARR, J.
FLAGG LANZINGER, J.
CONCUR.

APPEARANCES:

PIERCE C. WALKER, Attorney at Law, for Appellant.

ROBERT B. CAMPBELL and MEGAN A. PHILBIN, Prosecuting Attorneys, for Appellee.